Wood *v.* Bach.

OLIVER E. WOOD and others *vs.* JACOB L. BACH and others.

Where persons acknowledging the execution of an instrument, although previously unknown to the officer, are introduced to him by a mutual acquaintance, this, if it satisfies the conscience of the officer as to the identity of the parties, is sufficient to authorize him to take the acknowledgment and give the certificate. CLERKE, P. J., dissented.

Although the statute requires that the officer taking an acknowledgment shall know, or have satisfactory evidence, that the person making such acknowledgment is the individual described in and who executed the instrument, yet it nowhere prescribes either how such knowledge shall have been acquired, or that it must have existed for any definite period of time. *Per* CARDOZO, J.

That is necessarily a question for the conscience of the officer; and the means through which he obtains knowledge of the person's identity are not material.

Wood *v.* Bach.

The right of the officer to take the acknowledgment does not depend upon the length of his acquaintance with the person, nor upon the manner in which his knowledge is acquired.

APPEAL by the defendants from a judgment entered at a special term, on a trial before the court without a jury.

This action is in the nature of a judgment creditors' bill, and is brought against the judgment debtors and their assignee, to set aside a certain assignment made on the 1st day of August, 1866, and for a receiver. The ground on which this relief is sought is set forth in the complaint in these words: "That the said assignment was made by the said defendants, Jacob L. Bach and Lewis Bach, with the intent to hinder, delay and defraud their creditors; that it was not accompanied with an immediate and continued change of possession of the property assigned; that it is void." The defendants deny, in their anwer, the above allegations, and set forth the facts to show that the assignee had duly proceeded with the trust.

On the issues thus raised by the pleadings, the parties proceeded to trial before his honor Judge Clerke, at special term, on the 17th April, 1867.

On the trial, on a question not presented in the pleadings and not at issue in the case, the judge allowed testimony to be given by the plaintiffs against the objection and under the exception of the defendants; and on the testimony thus adduced, the judge decided that the assignment was void as to the plaintiffs. This question was the due acknowledgment of the aforesaid assignment. Peter J. Gage, a notary public of the city and county of New York, an attorney and counselor of this court, took the acknowledgment to said assignments, and certified that at the time he took the acknowledgments of the defendants, on the 1st day of August, 1866, the parties were known to him to be the persons described in and who executed the assignment in question, under the following circum-

stances: P. J. Joachimsen, Esq., the counsel for the defendants, occupied a suite of offices on the floor below Mr. Gage, in the same building, and they were well acquainted with each other. He sent for Mr. Gage to come and take the acknowledgments of the parties; although he was a commissioner himself, because, from motives of delicacy, being the attorney who drew the assignment, he preferred that another should take acknowledgments. When Mr. Gage came in he introduced the parties to him, and Mr. Gage had not any doubt in his mind, from the introtion, that the persons so introduced were the persons Mr. Joachimsen represented them to be. After such introduction the parties signed the paper in his presence, and at the same time the Messrs. Bach made oath, before Mr. Gage, to the amount of the assigned property, describing themselves to be the above named assignors; and also Messrs. Judah Hart and Isaac Levy executed a bond in the sum of $25,000, for the faithful discharge by Mr. Kalisher of his duties as such assignee. Messrs. Hart and Levy were present at the time of this introduction, and they were personally known to Mr. Gage. At the time of taking this acknowledgment, Mr. Gage had no doubt as to their identity; and on the trial, more than eight months afterwards, he identified the proper parties as the persons who then came before him. Mr. Joachimsen, for the defendants, corroborated fully the statement of Mr. Gage, and the identity of the parties, and no testimony was given to contradict this; in fact it was fully admitted on the trial, that the defendants in the action were the persons who came before the notary on the day stated; that they were the persons described in and who executed the instrument in question.

The court, at special term, held that legal proof of the identity of the persons appearing before the officer for the purpose of acknowledging the execution of the assignment was necessary, the officer having had no previous

knowledge of them; and that a mere introduction at the
time was not sufficient. Judgment was accordingly given
for the plaintiffs. (*See S. C.*, 48 *Barb.* 568, *sub. nomine
Jones et al.* v. *Bach et al.*)

*Wm. Henry Arnoux,* for the appellants. I. The cause
was improperly tried upon a question not at issue in the
case. 1. Facts not alleged cannot be proven on the trial.
(*Irnham* v. *Child,* 1 *Bro. C. C.* 94. *McKyring* v. *Bull,* 16
*N. Y. Rep.* 297, 303. *Morrell* v. *Irv. Ins. Co.,* 33 *id.* 429,
443.) 2. Facts proven on the trial are not available if
not alleged. (*Field* v. *Mayor,* 6 *N. Y. Rep.* 179, 189. *Peo-
ple* v. *Ryder,* 12 *id.* 437. *Graser* v. *Stellwagen,* 25 *id.* 315,
317. *Armitage* v. *Pulver,* 37 *id.* 494, 500.) The good sense
of pleading, and the language of the books, both require
that every material allegation should be put in issue by
the pleadings, so that the party may be duly apprised of
the essential inquiry, and may be enabled to collect testi-
mony and frame interrogatories in order to meet the ques-
tion. Without the observance of this rule the use of
pleading becomes lost, and parties may be taken at the
hearing by surprise. (*James* v. *McKernon,* 6 *John.* 563,
*per Kent, Ch. J.*) It is an inexorable rule in the Court
of Chancery that no interrogatories can be put to witnesses
that do not arise from some fact charged and put in issue.
(*Lyon* v. *Tallmadge,* 14 *John.* 516, *per Spencer, J.*) It is a
rule so necessary and just, to prevent surprise upon either
party, as not to stand in need of any argument to enforce
or elucidate it. (*Ferguson* v. *Ferguson,* 2 *N. Y. Rep.* 360,
361, *per Jewett, Ch. J.*) In England, after centuries of ex-
perience, it has been found most conducive to justice to
require the parties virtually to apprise each other of the
precise grounds upon which they intend to rely; and the
system of pleading prescribed by the Code appears to have
been conceived in the same spirit. It was evidently de-
signed to require of parties, in all cases, a plain and dis-

tinct statement of the facts which they intend to prove. (*McKyring* v. *Bull,* 16 *N. Y. Rep.* 303, *per Selden, J.*) The dry allegation of the fact, without detailing a variety of minute circumstances which constitute the evidence of it, will suffice. The object of the pleading is to arrive at a specific issue upon a given and material fact. (*People* v. *Ryder,* 12 *N. Y. Rep.* 437, *per Marvin, J.*) No rule is better settled than that the decree must conform to the allegations as well as to the proofs in the cause. If the pleadings in the cause were to give no notice to the parties or to the court, of the material facts on which the right asserted was to depend, no notice of the points to which the testimony was to be directed, and to which it was to be limited; if a new case might be made out in proof differing from that stated in the pleadings; all will perceive the confusion and uncertainty which would attend legal proceedings, and the injustice which must frequently take place. The rule that the decree must conform to the allegations as well as to the proofs of the parties, is not only one which justice requires, but one which necessity imposes on the courts. (*Crocket* v. *Lee,* 7 *Wheat.* 522, *per Marshall, Ch. J.*) 3. No proof can be offered of facts not put in issue by the pleadings, nor can relief be granted for matters not charged therein, for the court pronounces the decree *secundum allegata et probata.* (*Ferguson* v. *Ferguson,* 2 *N. Y. Rep.* 360, 361. *Kelsey* v. *Western, Id.* 500, 506. *Wright* v. *Delafield,* 25 *id.* 266, 268. *James* v. *McKernon,* 6 *John.* 563. *Lyon* v. *Tallmadge,* 14 *id.* 516. *Crocket* v. *Lee,* 7 *Wheat.* 522. *Irnham* v. *Child,* 1 *Bro. C. C.* 94. *Smith* v. *Clarke,* 12 *Vesey,* 481.) 4. This principle has not been exploded by the Code. It still remains, and cannot be departed from without inextricable confusion and uncertainty, and mischief in the administration of justice. (*Wright* v. *Delafield,* 25 *N. Y. Rep.* 266, 268, 270. *Woodruff* v. *Dickie,* 31 *How.* 164.)

II. The court erroneously admitted the evidence as to

the notary's knowledge of the defendants Bach. 1. There was no fact charged in the complaint on which such interrogatory could be founded. (*James* v. *McKernon*, 6 *John.* 563. *Lyon* v. *Tallmadge*, 14 *id.* 516.) 2. The, objection and exception were properly made and taken, when the question was propounded to the witness. (*Selden* v. *Del. and Hudson Co.*, 29 *N. Y. Rep.* 634, 639.)

III. The judgment rendered was against the evidence. 1. The witness Gage was called by the plaintiffs, and they were bound by his testimony. (*Thompson* v. *Blanchard*, 4 *N. Y. Rep.* 303, 311.) He testified that he was introduced to the Messrs. Bach, and from such introduction and the attendant circumstances, he had no doubt in his own mind that they were proper parties, before he took their acknowledgment. 2. The evidence was conclusive, that the notary did know the Messrs. Bach. The statute, as cited by Judge Clerke in his opinion in this case, requires that the officer taking the acknowledgment shall know the person, &c. It does not say *shall have known*, but it is in the present, *shall know;* that is, shall be personally acquainted with. (*Sheldon* v. *Stryker*, 42 *Barb.* 284. *S. C.*, 29 *How.* 387.) The officer under this statute acts judicially, but the statute does not undertake to regulate his judicial discretion in this respect. If he adjudges that he is personally acquainted with any individual, and the court perceives that he has acted in good faith in such adjudication, it will not disturb his decision. It leaves him to the forum of his own conscience. (*Dibble* v. *Rogers*, 13 *Wend.* 537.) What more complete acquaintance can any man have with another than the notary had in this instance? He enters a room wherein there are six persons, with three of whom he is acquainted, one of the three introducing the other three to him; they then execute an assignment, and two of his acquaintances execute a bond for $25,000 in relation to the subject matter of the assignment; the third is the attorney of the parties.

3. He had evidence under oath that they were the parties. The Messrs. Bach swore to an affidavit at the same time that they made the acknowledgment, and thereby proved each other, under oath, to be the persons described in and who executed the assignment. 4. Therefore, as matter of law, the assignment was duly acknowledged.

IV. The judgment was erroneous, because the facts upon which the judgment proceeded were not among those stated in the complaint. (*Lewis* v. *Mott*, 36 *N. Y. Rep.* 395, 399.)

*Fithian, Clark & Smith,* for the respondents. I. By the act of 1860, an assignment in trust, for the benefit of creditors, must be duly acknowledged before a competent officer, before delivery; otherwise it is of no effect. (*Fairchilds* v. *Gwynne*, 16 *Abb.* 23. *Cook* v. *Kelley*, 12 *id.* 37. *Same* v. *Same*, 14 *id.* 466.) In this case it was not duly acknowledged by the parties who executed it, under this act. Under this statute the question immediately arose whether a valid assignment could under any circumstances be made, unless signed and acknowledged by all the partners; or, in other words, whether the statute had not so fixed the law that the only evidence that could be given of the assent of a partner to a general assignment, was his execution and acknowledgment of the instrument. In respect to the acknowledgment, it is wholly a question of *fact*. The judge finds as a matter of fact that at the time of the acknowledgment neither of the assignors was *known* to the notary, nor did he have any *evidence* whatever of their identity. The Supreme Court, in the case of *Palmer* v. *Myers*, (43 *Barb.* 513,) by straining the statute to its utmost verge in favor of these assignments, held that as to an absconding or absenting partner, he need not execute nor acknowledge; but as to all the partners who actually remain in the custody and control of the partnership business and property, they must all acknowl-

edge, or the instrument is void. And how acknowledge? Why, in the mode and manner prescribed by the statute, viz., that they shall, each and every of them, acknowledge the execution of the instrument before some officer who shall have had previous personal knowledge of the identity of the persons, and each and all of the persons so acknowledging, or shall then and there take proof of such identity. The officer must know, of his own knowledge, the person making the acknowledgment, or have satisfactory evidence, i. e., by proof of the fact. (1 *R. S.* 758, §§ 9 *and* 15, *marginal. McAndrew* v. *Radway*, 34 *N. Y. Rep.* 512.) It is true that the evidence of identity must be satisfactory to the officer, nor does the statute undertake to regulate the discretion of the officer in this respect. But the difficulty in the case at bar is, that there was no evidence upon which the officer could properly act, or which called for an exercise of his judicial discretion. Now it must be conceded, and will not and cannot be controverted in this case, that the officer before whom this acknowledgment was attempted to be taken, did not take proof as to the identity of the persons who assumed to acknowledge before him. Then did he have previous personal knowledge of their and each of their identity? The evidence is conclusive that he had no knowledge whatever. He had never seen their faces before, and the evidence of the notary himself is entirely satisfactory that he had not such knowledge of their identity as the statute requires. If he did not then know them, the statute requires him to take proof, on oath, of their identity, before he shall have any power to take the acknowledgment. It is not enough to say that the officer was satisfied in his own mind of the identity of the persons. The very object and purpose of this statute, relative to acknowledgments, was to guard against false personations and impositions upon the officer. And it is not sufficient that the officer shall rest satisfied with such information of identity as may be satisfactory,

real or pretended, to a careless or credulous or unscrupulous person, but he shall have such knowledge as establishes the fact of identity, not only to him, but to all persons and courts, and other officers, wherever his certificate may be presented. And if he has not such knowledge, he must take proof, or the acknowledgment and his certificate are void and of no effect. (1 *R. S. above cited. Watson* v. *Campbell,* 28 *Barb.* 421.) By referring to the testimony of the notary, it will be seen that he did not take any proof, and he had no personal knowledge of either of the assignors. It is not a question here, whether an acknowledgment was in fact made by the assignors, but whether, under the Revised Statutes and the proofs in this case, the officer had any authority or power whatever to take the acknowledgment. The object which the statute intended to effect would wholly fail if the acknowledgment in this case was held good. Judge Clerke's findings of facts are not without evidence to support them; nor are they clearly against evidence. His findings must, therefore, be deemed conclusive. (*Loeschigk* v. *Peck,* 3 *Rob.* 700.)

II. The assignment is void, because it was made with the intent to hinder and delay creditors. The special term should have set aside the assignment on this ground, as well as the other. The authority of the general term upon appeals from the special term is not confined to a simple reversal or affirmance, but it may make such order as the special term should have made in the first instance. (*Howard* v. *Freeman,* 3 *Abb. Pr., new series,* 292.)

CARDOZO, J. I am not able to concur in the view of this case taken by the learned judge before whom it was tried. The statute requires that an officer taking an acknowledgment shall know, or have satisfactory evidence, that the person making such acknowledgment is the individual described in and who executed the conveyance;

but it nowhere prescribes either how such knowledge shall have been acquired, nor that it must have existed for any definite period of time. That being so, who shall fix a rule by which it shall be determined whether the commissioner was justified either by the length of his acquaintance, or the method of forming it, in certifying that he knew the party? Must it not necessarily be a question for the conscience of the officer taking the acknowledgment, and is not that just where the statute meant to leave it, if there were any thing at all upon which the officer's conscience could be called upon to act? As no specific period of prior acquaintance is fixed by the statute, who shall say that one month would not be sufficient if the officer taking the acknowledgment so regarded it? And if one month, why not an hour, or the moment at which the acknowledgment is taken? It is clear that the right to take the acknowledgment does not depend upon the length of the officer's acquaintance with the person. Is that right dependent on the manner in which the officer's knowledge is acquired? The statute does not say so. The means through which the officer obtains knowledge of the person's identity are not material. One officer might consider a person known to him through a method that another might entirely reject. But in this case the usual means of knowledge were acted on and received by the officer as sufficient.

Knowledge of persons and their identity is most frequently acquired by introduction through mutual friends, and when such introduction has taken place the parties certainly know each other. Every day men, in social life, thus become known to each other, and I never heard that such an introduction was not sufficient, or that any length of time after it must elapse, to justify a statement or certificate that they were acquainted. When an introduction does not proceed from such a source as satisfies the officer's conscience, undoubtedly he should not certify that he

Wood *v.* Bach.

knows the party, but should require "evidence" which, of course, must be on oath; but when the character of the introducer—whom the officer knows—conveys knowledge to the officer's conscience, he may well be satisfied and may properly give the certificate.

In this case the parties making the acknowledgment were introduced to the officer, the ordinary way of becoming known, by one in whom he had such confidence that " he had no doubt" that they were the persons they purported to be. Upon that, in social life, he would have been regarded as knowing them, and knowing them in social life he had the right, if his own conscience were convinced, from that knowledge of their identity, to take their acknowledgment in his official capacity. Suppose these persons had been introduced to the notary by the same gentleman a week before, and that they had gone to him when they made the assignment, and he had taken their acknowledgment, will any body pretend that he could not certify that he knew them ? That case does not differ in principle from this.

I think the learned judge not only erred, therefore, in his view of the demands of the statute, but that so much of his third finding of fact as holds upon the undisputed testimony of introduction by a person known to him and in whom he had confidence, that the grantors were not known to the notary, is against evidence, and cannot be sustained. I do not think the suggestion that allowing acknowledgments to be taken under such circumstances may lead to frauds and false personations, entitled to much weight. Certainly when the officer relies upon the introduction made by a friend whom he knows, there is not more danger of imposition than when he acts upon oath, as he may do, of an entire stranger. If parties desire to personate others, there is much more probability of it being done through the medium of the oath of a stranger, experience having shown that persons willing to commit

The People *v.* Commissioners of Pilots.

perjury for such purposes are not difficult to be found, than that it will be accomplished through the instrumentality of an introduction by a respectable friend to a reputable officer; while, again, if the officer himself be corrupt, requiring that he shall take evidence, will not prove much more of a safeguard than if he certified without proof.

The judgment should be reversed, and a new trial ordered; costs to abide the event.

GEO. G. BARNARD, J., concurred.

CLERKE, P. J., dissented.

New trial granted.

[NEW YORK GENERAL TERM, June 7, 1869. *Clerke, Cardozo* and *Geo. G. Barnard,* Justices.]