ORRIN B. LORD, AS EXECUTOR, ETC., OF FRANCIS
EGGLESTON, DECEASED, APPELLANT, *v.* ANN LINDSAY,
RESPONDENT, IMPLEADED WITH ORRIN LINDSAY.

*Matters not pleaded in answer, cannot be proved — Duress.*

In an action to foreclose a mortgage given by a husband and wife upon land
of the wife, to secure a debt of her husband, the wife alleged in her answer
"that the notes and mortgage mentioned in the complaint were obtained from
this defendant by the agent of the plaintiff (and others in collusion with him)
by duress of this defendant."

*Held,* that the defendant could not prove upon the trial that she was coerced to
execute the mortgage by the duress and constraint of her husband of which
the plaintiff had no knowledge.

APPEAL from a judgment in favor of the defendant Ann
Lindsay, entered upon the trial of this action by the court at
Special Term.

*Waters & Eggleston,* for the appellant.

*Duell & Benedict,* for the respondent.

BOARDMAN, J. :

This was an action brought to foreclose a mortgage given by
husband and wife upon property owned by the wife, to secure the
precedent debt of the husband and to stop proceedings to enforce
the collection of the judgment held against the husband. The
husband did not defend. The wife defended, and in her answer
alleges "that the notes and mortgage mentioned in the complaint
were obtained from this defendant by the agent of the plaintiff
(and others in collusion with him) by duress of the defendant, in
threatening to throw the defendant and her furniture out upon
the street, and by making false representations to her; in conse-
quence of which and in fear and apprehension thereof, this defend-
ant executed and delivered said notes and mortgage." Upon the
trial the learned judge found and decided, "that neither the plain-
tiff nor his agents made any representation or statement to Ann
Lindsay that was not true, nor performed any act that was not

proper;" that the said Ann was coerced to make and execute the same, for the accommodation of her husband, by the duress and constraint of her husband, who requested her to make them to prevent proceedings against him on the judgment against him, but such coercion and duress of the husband over his wife was unknown to plaintiff or his agents until the commencement of this action. The court, thereupon, found said notes and mortgage void as to the wife, and ordered judgment in favor of the wife against the plaintiff, to that effect, with costs.

Upon this appeal it is argued that the court below erred, (1) in admitting evidence of duress by the husband when no such defence was interposed; and (2) in finding that there was any duress or coercion, on the part of the husband, which should invalidate the wife's mortgage.

The answer does not set up the new matter claimed to constitute a defence, in ordinary and concise language, as it was proved on the trial. On the contrary, the defence pleaded was duress by the plaintiff and not by the husband. It must have been exercised, if at all, at a different time and place than that proved. It will not do, we think, to allow so great latitude between the pleadings and the proofs. This was an entire failure to prove the allegations of the pleadings. Nor was it an immaterial variance under section 540 of the Code of Civil Procedure, which could be disregarded. The plaintiff had a right to know the nature of the duress, and by whom exercised, to enable him to prepare for the trial. If this defence was properly admitted, then a general answer that defendant's signature was obtained by duress and coercion, without setting out the time and place when, or the person by whom, or the manner in which it was done, would be good and sufficient pleading. We think the learned judge erred in admitting evidence of coercion by the husband under the pleadings in this case.

Nor are we satisfied that there was any such evidence of duress or coercion by the husband as should avoid the wife's act. Certainly she did not act under any fear of personal injury or grievous wrong. She had decided on the previous evening to secure her husband's debt and thus stop the proceedings against him. Afterwards, during the night, the husband and wife had an excited and angry altercation upon the subject. He wanted her

to secure the debt. She did not want to charge her own property for the payment. Finally, she suggested to wait until morning and see what plaintiff's attorney would do. In the morning, without any allusion to the scene of the previous night, the mode of security is agreed upon and the papers executed. She is glad it is settled, so as to give them time. Undoubtedly, the security was primarily given to oblige the husband and to stop the proceedings against him. It was also very likely in the interest of domestic harmony. Doubtless the possible consequences of continued legal proceedings on the judgment against the husband had their influence over the wife as well as the husband. But giving to these facts all the force possible, it will not come up to the point of legal coercion so as to avoid the wife's deed. If the mortgage or a deed had been given to the husband by the wife, much slighter circumstances would invalidate it. Courts will watch carefully that the husband do not, by his marital control and influence, secure to himself his wife's property. In such case undue influence alone may suffice to set aside the transfer. But in the present case duress and coercion must go to the extent of depriving the party of her free volition by reason of apprehension of personal injury or great wrong. *Rexford* v. *Rexford* (7 Lans., 6), decided in this department in 1872, is quite analogous to the present case, and seems decisive of it. The act of the wife in giving her notes and mortgage as collateral security for her husband's debt was legal and valid in itself. The indebtedness of the husband was a sufficient consideration. (*Union Dime Sav. Inst.* v. *Duryea*, 67 N. Y., 84.)

For the reasons assigned this judgment must be reversed and a new trial granted, costs to abide the event.

LEARNED, P. J., and FOLLETT, J., concurred.

Judgment reversed and new trial granted, costs to abide event.