RING v. RING.

(Supreme Court, Appellate Division, Second Department.  June 29, 1908.)

1. DEEDS—AVOIDANCE—FRAUD AND DURESS—RESTORATION OF CONSIDERATION.
    While, in general, a party seeking to avoid a conveyance on the ground
    of duress or undue influence must restore the other party to the same
    position he occupied before the conveyance, and return to him all that
    he has received in execution of it, yet, where one party has so entangled
    himself in the meshes of his own dishonest act that the injured party
    cannot unloose him, the fault is his own, and the law only requires the
    injured party to undo so far as he can what has been done in the ex-
    ecution of the conveyance; and hence, if one by duress and undue in-
    fluence induced a woman to convey lands to them as tenants by the en-
    tirety, in view of and in consideration of their approaching intermarriage,
    it would be no defense to her suit to have the conveyance canceled that
    the marriage could not be annulled in the action.

2. SAME—DURESS—THREATS—"UNDUE INFLUENCE."
    Defendant, prior to his marriage to plaintiff, obtained a conveyance of
    her land to them as tenants by the entirety by threatening to sue her for
    $2,500, to cause others to sue her for slander and other causes of action,
    and by threats that she would never live to see the inside of her com-
    pleted opera house, that she would be found dead, that he would stop
    work on her opera house, in which her money was largely invested, that
    he would smash everything and ruin the whole business, that she would
    lose all her property in the threatened litigations and would be working
    at the washtub, without a rag to her back.  Held, that the threats con-
    stituted a wrongful and "undue influence" exerted over plaintiff, con-
    trolling her action, and warranted the cancellation of the conveyance.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Deeds, §§ 183–
    189.

    For other definitions, see Words and Phrases, vol. 8, pp. 7166–7172,
    7823–7824.]

Appeal from Special Term, Westchester County.

Action by Naomi Duncombe Ring (formerly Naomi Duncombe) against Patrick J. Ring to have a deed declared void as procured by duress.  Judgment for plaintiff (105 N. Y. Supp. 498), and defendant appeals.  Affirmed.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

William L. Snyder, for appellant.

Arthur M. Johnson, for respondent.

RICH, J.  This appeal is from a judgment in favor of the plaintiff, canceling and declaring void a deed executed by the plaintiff prior to her marriage to the defendant, vesting in the parties as tenants by the entirety certain lands in the city of Mt. Vernon, on the ground that its execution was procured by defendant by duress and undue influence. Underlying appellant's contention is the general rule that a party, seeking to avoid a conveyance or contract on the ground of fraud, duress, or undue influence, must restore the other party to the same position he occupied before the conveyance was made, and return to him all that he has received in execution of it; and it is argued that as the marriage, which was the sole consideration of the deed in the case at bar, is not attacked and cannot be annulled in this action, it must fail. It is unquestionably true that he who seeks equity must do equity;

but, conceding defendant's contention that the marriage was the sole consideration of the deed, the fairness of the transaction is subject to the scrutiny of the court, and the learned Special Term found on sufficient evidence that both the deed and marriage were part of a scheme on the part of defendant to obtain plaintiff's property. In Hammond v. Pennock, 61 N. Y. 145, Dwight, Commissioner, writing upon this subject, quotes from Masson v. Bovet, 1 Denio, 69, 43 Am. Dec. 651, as follows:

"If, therefore, he has so entangled himself in the meshes of his own knavish plot that the party defrauded cannot unloose him, the fault is his own, and the law only requires the injured party to restore what he has received, and, as far as he can, undo what had been done in the execution of the contract. This is all that the party defrauded can do, and all that honesty and fair dealing require of him. If this fail to extricate the wrongdoer from the position that he has assumed, it is in no sense the fault of his intended victim, and upon the principles of eternal justice whatsoever consequences may follow should rest on the head of the offender alone."

The distinction sought to be made between the deed under consideration and antenuptial agreements rests upon no substantial foundation, and does not remove the case at bar outside the operation of the rule stated. The deed was made in view of approaching marriage, which had been agreed upon prior to its execution. It presents no different conditions than exist in all antenuptial contracts, unless it may be said that marriage was its sole consideration. It necessarily follows that, as a portion of the consideration of all agreements depending upon marriage, whether nuptial, antenuptial, or postnuptial, is the marriage itself, if the marital relation existing between the parties furnished a bar to maintaining an action by either to set aside a conveyance made in anticipation of marriage upon the ground of fraud, undue influence, or duress, it would be a bar to the enforcement of an ante or post nuptial agreement, preceded or followed by marriage. This doctrine has been repudiated by the Court of Appeals in the cases of Pierce v. Pierce, 71 N. Y. 154, 27 Am. Rep. 22, and Graham v. Graham, 143 N. Y. 573, 38 N. E. 722, where such contracts were set aside for unfairness and fraud, although the marriage had taken place and the relations arising therefrom existed at the time of the trial. The case of North v. Ansell, 2 Peere Williams, 619, is not in conflict with the conclusions reached in the cases cited, it being specifically stated by the Master of the Rolls in his opinion that there was not "the least evidence of any fraud" in the case.

Conceding the appellant's contention that the evidence is insufficient to establish the alleged physical condition of plaintiff, there is sufficient in her testimony, considered in the light of the confidential relations existing between the parties, to sustain the findings of the learned Special Term of duress and undue influence. That the defendant possessed no love for the woman he was about to make his wife is apparent. The appellant argues that the threats found by the trial court to have been made by the defendant as an inducing cause to the execution of the deed are insufficient to constitute duress, and cites several authorities in support of this contention; but they are not controlling. Lord v. Lindsay, 18 Hun, 484, holds that duress must be pleaded in order to

warrant evidence of its existence, and in further consideration of the question the court says:

"If the mortgage or a deed had been given to the husband by the wife, much slighter circumstances would invalidate it. Courts will watch carefully that the husband do not, by his marital control and influence, secure to himself his wife's property. In such case undue influence alone may suffice to set aside the transfer."

In Rexford v. Rexford, 7 Lans. 6, the threat relied upon was that if the plaintiff (the wife) did not sign a deed releasing her dower right in certain property she should not live with her husband in peace, which was held not of sufficient gravity to constitute legal duress. In Lynch v. Lauer, 14 Misc. Rep. 252, 35 N. Y. Supp. 715, the threat was by a landlord to evict a tenant who, nevertheless, remained in possession of the demised premises and paid rent for three years thereafter, and it was held that it was too late for the tenant to take advantage of such alleged wrongs; and in Martin v. New Rochelle Water Co., 11 App. Div. 177, 42 N. Y. Supp. 893, the familiar rule was adhered to that a threat to enforce a legal right did not constitute duress.

In the case at bar the defendant threatened to sue the plaintiff for $2,500 (there is no pretense that she owed him such a sum), that he would cause others to sue her for slander and other causes of action, that she would not live to see the inside of her completed opera house, that she would be found dead, that he would stop the work on the opera house in which her money was largely invested, that he would smash everything and would ruin the whole business, and that she would lose all of her property in the threatened litigations, and would not have a cent left, and would be working at the washtub, without a rag to her back. These and other acts and threats established such a wrongful and undue influence exerted over the plaintiff, controlling her action, as justified the court in directing the judgment from which this appeal is taken.

While some of the findings of fact are without evidence to sustain them, they are immaterial, do not change the result, and the exceptions do not present reversible error.

The judgment must be affirmed, with costs. All concur.