CHARLES H. SCHUM and Others, Appellants, *v.* FLORENCE L. BURCHARD, Respondent.

Second Department, November 7, 1924.

**Deeds — action to remove cloud on title — acknowledgment — certificate of acknowledgment stating that officer is satisfied that person making acknowledgment is grantor mentioned in deed complies with Real Property Law, §§ 303 and 306 — not necessary to follow exact words of statute.**

A certificate of acknowledgment of a deed which recites " before me  * * * personally appeared  * * * widow, who, I am satisfied is the grantor mentioned in the within indenture, and to whom I first made known the contents thereof, and thereupon she acknowledged that she signed, sealed and delivered the same as her voluntary act and deed, for the uses and purposes therein expressed," complies with sections 303 and 306 of the Real Property Law.

It is not necessary in a certificate of acknowledgment to use the exact words of the statute that " the person making it is the person described in and who executed such instrument," but a substantial compliance with the statute is sufficient, nor is it necessary that the officer taking the acknowledgment " knows " the person whose acknowledgment he takes, but he may take the acknowledgment if the evidence that the person making the acknowledgment is the person who executed the instrument is sufficient to satisfy the conscience of the officer.

APPEAL by the plaintiffs, Charles H. Schum and others, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Queens on the 30th day of June, 1924, upon the decision of the court rendered after a trial at the Queens Trial Term before the court without a jury.

*Lewis Landes,* for the appellants.

*Henry D. Merchant,* for the respondent.

Judgment affirmed, with costs, on the opinion of Mr. Justice CROPSEY at Trial Term.

KELLY, P. J., KELBY, YOUNG and KAPPER, JJ., concur; JAYCOX, J., dissents.

The following is the opinion delivered at Trial Term:

CROPSEY, J.:

The action is to remove a cloud on title. Both sides concede the decision turns upon the sufficiency of the acknowledgment to the deed under which defendant claims. Both sides claim title through a common grantor. The plaintiffs and their ancestor failed to record their deed, and the deed to defendant, though made many years subsequent, was recorded. If it was entitled to be recorded concededly the defendant should have judgment. The fact that the deed has been recorded does not prove it was properly acknowledged. (*Armstrong* v. *Combs,* 15 App. Div. 246, 250; *Gross* v. *Rowley,* 147 id. 529, 530.) So the sufficiency of the acknowledgment must be determined. It was taken in New Jersey and is in this form:

" STATE OF NEW JERSEY, ⎱ *ss.:*
" COUNTY OF MONMOUTH ⎰

" Be it remembered that on this tenth day of November in° the year of our Lord one thousand nine hundred and eight, before me, a commissioner of deeds in and for said County and State, personally appeared Eliza J. Schooley, widow, who, I am satisfied is the grantor mentioned in the within indenture, and to whom I first made known the contents thereof, and thereupon she acknowledged that she signed, sealed and delivered the same as her voluntary act and deed, for the uses and purposes therein expressed.

" JOSEPH G. COLEMAN,

" *Commissioner of Deeds.*"

Our statute which specifies the requisites of acknowledgments is section 303 of Real Property Law.* It reads: " An acknowledgment must not be taken by any officer unless he knows or has satisfactory evidence, that the person making it is the person described in and who executed such instrument." Section 306 of the same law† provides that the officer taking the acknowledgment must make a certificate, signed by himself, " stating all the matters required to be done, known or proved on the taking of such acknowledgment or proof; together with the name and substance of the testimony of each witness examined before him, and if a

---

* Re-enacting Real Prop. Law of 1896, § 252.— [REP,

† Re-enacting Real Prop. Law of 1896, § 255.— [REP.

subscribing witness, his place of residence." The attack upon the form used is based upon the claim that it does not certify that the person acknowledging the execution of the paper was the " person described " therein. It is necessary that the certificate should show, as section 303 provides, that the person making the acknowledgment is the " person described in and who executed such instrument." (*Gross* v. *Rowley, supra,* 531.) The question is whether this certificate does so certify. I think it does. The certification is that the person acknowledging the paper " is the grantor mentioned in the within indenture." The indenture is in fact a deed, and the " grantor " in a deed is the person described in and who makes the conveyance. " The grantor mentioned in the within indenture " is the equivalent of " the person described in and who executed such instrument." It is not necessary that the words of the statute be contained in the certificate. A substantial compliance with the statute is sufficient. (*Smith* v. *Boyd,* 101 N. Y. 472, 476, 477; *Canandarqua Academy* v. *McKechnie,* 19 Hun, 62, 68.) It is not necessary that the officer " knows " the person whose acknowledgment he takes. The statute says it is sufficient if the officer " has satisfactory evidence " that the person is the one described in and who executed the paper. What shall be " satisfactory evidence " is not specified, but must be such as to satisfy the conscience of the officer. (*Wood* v. *Bach,* 54 Barb. 134, 143, 144.) In the cases relied upon by plaintiffs (*Fryer* v. *Rockefeller,* 63 N. Y. 268; *Gross* v. *Rowley, supra*) the certificates did not state that the officer either knew or had satisfactory evidence that the person was the one described in the paper. Judgment for defendant, with costs.