## FOURTH DEPARTMENT, MAY, 1930.

LOUISE V. WEISMANTLE, Appellant, *v.* STATE OF NEW YORK, Respondent.

(Claim No. 13788.)

PER CURIAM. The amount of land affected by loss of fertilization was a question of fact. The court allowed damages to fifteen acres. Appellant on the argument insisted that it amounted to twenty-seven and sixty-two one-hundredths acres. As we read the testimony of plaintiff's witness Crocker, we think that the trial court was justified in finding that no more than half of the twenty-seven and sixty-two one-hundredths acres was affected. During the giving of the testimony of the witness Crocker, there was an apparent assent of counsel and the court, as indicated by the latter's statement " that one-half of this twenty-seven and sixty-two one-hundredths acres was the damage that had been done to the claimant's farm by reason of this damage in the flow of water." All concur. Present — Sears, P. J., Crouch, Edgcomb, Thompson and Crosby, JJ. Judgment affirmed, with costs.

IDA WETTLAUFER, Respondent, *v.* WILLIAM WETTLAUFER, Appellant.

PER CURIAM. The complaint alleges that the plaintiff was induced to execute the deed to her husband by his fraud. There is no finding of fraud here, nor evidence to support it. The court has found that plaintiff executed the deed because of the ill treatment and duress of defendant and his threats to discontinue the support and maintenance of herself and the family. In our opinion the evidence does not sufficiently show facts constituting duress or that the plaintiff acted under coercion. (*Rexford* v. *Rexford,* 7 Lans. 6; *Girty* v. *Standard Oil Company,* 1 App. Div. 224.) All concur. Present — Sears, P. J., Crouch, Taylor, Edgcomb and Thompson, JJ. Judgment reversed on the law and facts, with costs, and judgment directed in favor of the defendant, dismissing the complaint on the merits, with costs. Finding of fact 5 is disapproved and reversed and conclusion of law No. 1 is disapproved.