In the Matter of the Estate of FRANK J. CONOVER, Deceased.

Surrogate's Court, Niagara County, July 8, 1937.

*George C. Riley,* for the petitioner.

*Montford C. Holley,* for the respondents.

*Michael J. Noonan,* for the distributees.

GOLD, S. This is an application on behalf of petitioner to compel the administrators of the estate of said decedent to deliver to her pass book No. 71447, issued to Frank J. Conover and the petitioner on a joint deposit account in the Farmers and Mechanics Savings Bank in the city of Lockport, N. Y., pursuant to the provisions of section 206-a of the Surrogate's Court Act.

Frank J. Conover, a resident of the city of Lockport, died intestate in said city on the 22d day of February, 1937, and thereafter Montford C. Holley and John McDermott were duly appointed administrators of the estate of said decedent by this court.

It is claimed by petitioner that for upwards of a year prior to the demise of said Frank J. Conover, said Conover and petitioner were betrothed and engaged to be married.

The joint account was opened in said Farmers and Mechanics Savings Bank on November 10, 1936, and the sum of $5,000

deposited therein. A card bearing the signatures of petitioner and decedent was left with the bank. Said card contained the following:

" To be paid either or the survivor of them

No. 71447

" FARMERS & MECHANICS SAVINGS BANK OF THE CITY OF LOCK-PORT, N. Y.

" We, the undersigned, have this day jointly opened an account with the Farmers & Mechanics Savings Bank of the City of Lock-port, N. Y., which said account stands upon the books of the Bank and upon the pass book issued by said Bank to us in the following manner

Frank J. Conover     or     Gertrude M. Draper.

" We hereby notify the said Bank, that it is at liberty and we hereby desire it, to honor the checks of either of us against the said account, and in the event of the death of either of us that the survivor shall have the right to check against or draw out or transfer said account as fully as if said survivor had alone originally opened such account by depositing in his or her own name; the intention hereof being to vest in the survivor the ownership of any moneys that may remain on deposit in said Bank at the time of the death of either of us.

" This agreement shall bind the heirs, executors, administrators or assigns of each of us.

" In witness whereof, we have hereunto set our hand and affixed our seals this day of Nov   10    1936    19

" Authorized Signature and  } FRANK J. CONOVER [L. s.]
  consent to by-laws.   } GERTRUDE M. DRAPER [L. s.]

" Address 101 N. Transit      275 Ontario St."

The bank book was in the possession of decedent at the time of his death and the administrators have refused to deliver the same to the petitioner, although duly demanded by this petitioner. Said agreement was made by petitioner and decedent with said bank pursuant to section 249, subdivision 3, of the Banking Law of the State of New York. The administrators have made a demand upon the bank for the payment of the said moneys to the estate.

The administrators filed an answer herein, in which they were joined also by the distributees, Michael J. Dumphrey and Thomas Dumphrey, in which, (I) they admit possession of the pass book, and deny that they have any knowledge or information sufficient to form a belief as to the existence of the agreement filed with the bank by petitioner and decedent with reference to the joint account;

(II) that if the said moneys were so deposited in said bank in the names of said decedent and petitioner, they were so deposited on the agreement between them that said decedent should at all times retain the control and ownership of said moneys and of all dividends and interest awarded thereon and that said petitioner should have no right, title or interest therein, except in the event of her marriage to said decedent; (III) that if the said moneys were so deposited in said bank in the names of decedent and petitioner, they were so deposited as the result of fraud practiced by petitioner with said decedent at or prior to the time of such deposit; (IV) that if the said moneys were so deposited in said bank in the names of said decedent and petitioner, they were so deposited as the result of undue influence practiced by petitioner on decedent at or prior to the time of such deposit; (V) that the said moneys were the sole individual property of the said decedent at the time of his death and by operation of law passed to the administrators of his estate.

It is also claimed in the answer that section 249, subdivision 3, of the Banking Law of this State is unconstitutional as taking property without due process of law.

A motion was made by petitioner for an order, under rules 103 and 109 of the Rules of Civil Practice, to strike from the answer of respondents, allegations I, II, III, IV and V, which contain the various defenses above referred to.

Section 249, subdivision 3, of the Banking Law provides as follows:

" 3. When a deposit shall be made by any person in the names of such depositor and another person and in form to be paid to either or the survivor of them, such deposit and any additions thereto made by either of such persons after the making thereof, shall become the property of such persons as joint tenants, and the same together with all dividends thereon shall be held for the exclusive use of such persons and may be paid to either during the lifetime of both or to the survivor after the death of one of them, and such payment and the receipt or acquittance of the one to whom such payment is made shall be a valid and sufficient release and discharge to such savings bank for all payments made on account of such deposit prior to the receipt by such savings bank of notice in writing not to pay such deposit in accordance with the terms thereof.  The making of the deposit in such form shall, in the absence of fraud or undue influence, be conclusive evidence, in any action or proceeding to which either such savings bank or the surviving depositor is a party, of the intention of both depositors

to vest title to such deposit and the additions thereto in such survivor."

The statute raises an irrebuttable presumption of the intentions of both depositors to vest title in the survivor to any moneys left in the account on the death of one joint tenant. (*Matter of Porianda*, 256 N. Y. 423 [discovery proceeding, 1931]; *Moskowitz* v. *Marrow*, 251 id. 380 [1929]; *Marrow* v. *Moskowitz*, 255 id. 219, 221; *Matter of Suter*, 258 id. 104 [discovery proceeding, 1932]; *Matter of Fenelon*, 262 id. 308 [1933].)

The last sentence of the subdivision provides that such deposit shall, in the absence of fraud and undue influence, be conclusive evidence of the intention of both depositors to vest title thereto in the survivor.

Therefore, fraud or undue influence must be properly and sufficiently pleaded in order to rebut the presumption created under the statute.

Analyzing the answer of respondents, the denial of any knowledge or information sufficient to form a belief with reference to the agreement and account at the bank is of no value, for the reason that the same has been inspected by all parties interested in this fund and this proceeding.

" As to one's knowledge or information it is axiomatic that he who has at his disposal the means of knowing is held to know; that he who shuts his eyes, when to open them and look is to see, is held to see; that what one knows and what one ought to know is regarded in law as equivalent." (*Gilbert* v. *Burnstine*, 135 Misc. 305. 311.)

" It is clearly proper, for instance, to grant judgment upon the pleadings when the only denials in an answer are denials of knowledge or information sufficient to form a belief with respect to matters which are unmistakably within the knowledge of the defendant who interposes such an answer." (*Kirschbaum* v. *Eschmann*, 205 N. Y. 127, 133.)

Subdivisions II, III and IV all commence with the words, " That if the said moneys were so deposited in said Bank." It has been held that such an answer is insufficient in law because alleged hypothetically.

" The rule that contingent and hypothetical pleading is not allowed and is not good is too ancient and has been too often reiterated to need discussion. * * * A defense * * * which is not positive, but only contingent or hypothetical, is insufficient in law on its face, and therefore subject to demurrer." (*Stroock Plush Co.* v. *Talcott*, 129 App. Div. 14.)

With reference to the allegations of fraud and undue influence set forth in the answer, no facts are set forth upon which the alleged fraud and undue influence are based. The said allegations are merely conclusions of law with no facts upon which the court can determine whether or not fraud or undue influence was exerted upon the decedent.

"' The mere general allegations of fraud or conspiracy are of no value as stating a cause of action.' * * * The plaintiff must state what the facts or intent were so that the court may see whether they were fraudulent or not, and his characterization of them as such is not sufficient." (*Knowles* v. *City of New York*, 176 N. Y. 430, 437.)

It has been held that those facts which are elements of undue influence must be pleaded. (*Lord* v. *Lindsay*, 18 Hun, 484; *Ring* v. *Ring*, 127 App. Div. 411; affd., 199 N. Y. 574.)

The claim that the moneys were the sole individual property of decedent at the time of his death and by operation of law passed to these respondents is rebutted by the agreement signed by decedent with the bank with reference to the joint deposit of the moneys in the names of petitioner and decedent with right of possession thereto in the survivor. Without the establishment of fraud or undue influence this is binding upon all parties.

With reference to the claim that section 249, subdivision 3, is unconstitutional, respondents offer nothing except the bare statement that it is unconstitutional as taking property without due process of law. This court does not agree with the respondents in that respect.

The petitioner has moved to strike from the answer subdivisions I, II, III, IV and V, above referred to, which motion is granted.

I find that the petitioner is entitled to the pass book above referred to and the possession of the same.

Let a decree be entered accordingly.