In the Matter of the Application of BERNARD ABRAMS, Doing Business under the Name and Style of. BERNARD ABRAMS Co., Petitioner, for an Order against NAT LEWIS PURSES, INC., Respondent.

Supreme Court, Special Term, New York County, October 13, 1939.

*Emil K. Ellis* [*Emil K. Ellis* and *Daniel A. Weber* of counsel], for the petitioner.

*Leonard Bickwit* [*Roy M. Epstein* and *Jacob Greenberg* of counsel], for the respondent

MILLER, J. The petitioner raises two objections to the award. The first is that the arbitrators violated the terms of the submission by agreeing that a unanimous award was to be necessary. Assuming that the affidavit of one of the arbitrators is admissible for the purpose of establishing such an agreement on the part of the arbitrators (See in this connection *Matter of Shirley Silk Co.* v. *American Silk Mills*, 257 App. Div. 375), and assuming further that such an agreement would constitute good ground for vacating the award, the objection must, nevertheless, be overruled, the court not being satisfied from the evidence submitted that such agreement requiring unanimous consent was in fact made.

The second objection to the award relates to the alleged absence of a proper acknowledgment. In *Schum* v. *Burchard* (211 App. Div. 126; affd., 240 N. Y. 577) it was held that an acknowledgment which stated that the notary was satisfied that the person whose

acknowledgment he took was the one described in and who executed the instrument sufficiently complied with section 303 of the Real Property Law. That section provides that " an acknowledgment must not be taken by any officer unless he knows or has satisfactory evidence that the person making it is the person described in and who executed the said instrument." Within the time fixed in the submission for the making of an award the award was acknowledged, the acknowledgment stating that the named arbitrators, " to me identified to be the individuals described in and who executed the foregoing instrument * * * severally acknowledged that they executed the same." The word " identified " means identified to the satisfaction of the notary. In Webster's New International Unabridged Dictionary (2d ed.) the words " to identify " are defined as follows: " To establish the identity of; to prove the same (with something described, claimed or asserted); as to identify stolen property." In other words, " identified " signifies " proved to be identical with " or " established to be identical with." It does not mean merely claimed or asserted to be identical with or the same as. Under the circumstances, the acknowledgment would seem to be similar to that held good in *Schum* v. *Burchard* (*supra*).

The motion to vacate the award on the two grounds urged is accordingly denied. The cross-motion is granted to the extent of confirming the award. Settle order.