JOHN G. SMITH, Appellant, *v.* THOMAS BOYD et al., Respondents.

On the same paper, and following the signatures to an assignment for the benefit of creditors, was written a notary's certificate of acknowledgment. It bore the same date as the assignment, and named as the persons acknowledging the ones who apparently executed the assignment. It stated that the persons named were to the notary known " to be the individuals described in, and who executed *the same*." *Held*, that the words " the same " referred to the instrument to which the certificate was appended, and sufficiently identified it; and that the certificate showed a due acknowledgment of the instrument.

*Smith* v. *Boyd* (10 Daly, 149), reversed.

(Argued February 2, 1886 ; decided March 2, 1886.)

APPEAL from judgment of the General Term of the Court of Common Pleas, in and for the city and county of New York, entered upon an order made at the January term, 1884, which affirmed a judgment in favor of defendants, entered upon the report of a referee. (Reported below, 10 Daly, 149.)

This action was brought by plaintiff as assignee for the benefit of the creditors of Clinton H. Smith, to recover for the alleged wrongful taking and conversion of property, part of the assigned estate.

The complaint was dismissed by the referee on the ground that the assignment was not duly acknowledged.

The certificate of acknowledgment was upon the same sheet of paper as the assignment ; it bore the same date and followed the signatures of the assignor and assignee. The following is a copy thereof :

" STATE OF NEW YORK,    ⎱ *ss. :*
*City and County of New York,* ⎰

" On this 21st day of February, 1882, before me personally appeared Clinton H. Smith and John G. Smith, to me personally known to be the individuals described, and who executed the same, and who acknowledged to me that they executed the same for the purposes therein mentioned.

" JOHN N. BROWN,

" *Commissioner of Deeds,*

" *New York County.*"

*John J. Adams* for appellant. The use by the notary in his certificate of the words " the same," without referring to the assignment, was at most a clerical error, and would not invalidate the assignment. (*Boyd* v. *Smith,* and *Lien* v. *Smith,* N. Y. C. P., April 24, 1882; *Meriam* v. *Harson,* 2 Barb. 232; *Sheldon* v. *Stryker,* 27 How. 387.) Where the language of an assignment for the benefit of creditors can be abundantly satisfied by a construction which will support the instrument, such construction should be given. (*Benedict* v. *Huntington,* 32 N. Y. 219; *Bogart* v. *Haight,* 9 Paige, 297: *Mann* v. *Whitbeck,* 17 Barb. 388; *Sherman* v. *Elder,* 24 N. Y. 381; *Kellogg* v. *Slauson,* 11 id. 502; *Platt* v. *Lott,* 17 id. 478; *Bk. of Silver Creek* v. *Talcott,* 22 Barb. 550; *Brain* v. *Dunning,* 30 id. 211; *Read* v. *Worthington,* 9 Bosw. 617; *Grover* v. *Wakeman,* 11 Wend. 187.) The certificate is sufficiently complete to indicate clearly that there was an acknowledgment of the instrument by the parties to it. (*Claflin* v. *Smith,* 35 Hun, 372, 375.)

*Robert Ludlow Fowler* for intervening cestuis of plaintiff, appellant. The certificate of acknowledgment was a substantial compliance with the statutes of New York. (Laws of 1877, chap. 466, § 2, as amended; *People* v. *Collins,* 7 Johns. 554.) If the taking of an acknowledgment be held a judicial act, our statutes of *jeofails* embodied in the present liberal codes of procedure, unquestionably apply to the certificate

which is a mere official judgment on a state of facts.   (Code, §§ 722, 724; *Warner* v. *Jaffray*, 96 N. Y. 248, 253.)   The form of the certificate of the acknowledging officer, not having been prescribed by law, is left to the discretion of such officer by implication and *ex necessitate rei.* (*Ritter* v. *Worth,* 58 N. Y. 627; *Sheldon* v. *Stryker*, 42 Barb. 284; *West Point Iron Co.* v. *Reymert*, 45 N. Y. 703; *Canandarqua Academy* v. *McKechnie*, 19 Hun, 62.)   The judicial presumption is in favor of the sufficiency of an official certificate.   (*Hunt* v. *Johnson*, 19 N. Y. 280, 292; *People* v. *Snyder*, 41 id. 397; *Carpenter* v. *Dexter*, 8 Wall. 513, 526; *Kelly* v. *Calhoun*, 95 U. S. 713; *Morse* v. *Clayton*, 21 Miss. 373; *Wells* v. *Atkinson*, 24 Minn. 161.)   This is not the case of an instrument with no certificate, but the case of an instrument with a certificate alleged to be defective by reason of the omission of a word.   Such an omission may be helped, for any purpose, by a reference to the deed itself, and the missing context supplied by intendment.   (*Carpenter* v. *Dexter*, 8 Wall. 513, 528; *Brooks* v. *Chaplin*, 3 Vt. 81.)   When the omission in a certificate is obviously a mere clerical error the court passes it over, for *de minimus non curat lex.*   (*Scharfenburg* v. *Bishop*, 35 Iowa, 60; *Davar* v. *Cardwell*, 27 Ind. 478; *Picket* v. *Doe*, 5 S. & M. 470; 13 Miss. 470; *Samuels* v. *Shelton*, 48 Mo. 444; *Monroe* v. *Eastman*, 31 Mich. 283; *Rigler* v. *Cloud*, 14 Penn. St. 364.)

*Otto Horwitz* for respondents.   An observance of the provisions of the General Assignment Act of 1877 is a prerequisite of the validity of an assignment. (*Britton* v. *Lorentz*, 45 N.Y. 151; *Jones* v. *Bach*, 18 Barb. 568; *Board of Education* v. *Fonda*, 77 N. Y. 357.)   As to acknowledgments general assignments are precisely analogous to deeds executed by married women under the statutes which were in existence prior to 1879. (*Jackson* v. *Stevens*, 16 Johns. 110; *Martin* v. *Divelly*, 6 Wend. 9; *Gillett* v. *Stanley*, 1 Hill, 121; *Ryers* v. *Wheeler*, 23 Wend. 434; *Elwoods* v. *Klock*, 13 Barb. 50; *Merritt* v. *Yates*, 71 Ill. 630; *Wetmore* v. *Laird*, 5 Biss. 160; *Enterprise Transit Co.* v.

*Sheedy*, 16 Rep. 565 ; *Jefferson Co. Build. & Loan Ass.* v. *Hial*, 17 id. 397 ; *Bk. of Healdeburgh* v. *Bailhall*, 18 id. 333 ; *Heaton* v. *Fryberger*, 38 Iowa, 185 ; *West Point Iron Co.* v. *Reginort*, 45 N. Y. 703 ; *Sheldon* v. *Stryker*, 42 Barb. 284 ; *Ritter* v. *Worth*, 58 id. 627.)   The essential parts of an acknowledgment are the identity of the instrument and the acknowledgment of it, and these must be stated in the certificate.   (*Bryan* v. *Raniery*, 8 Cal. 467 ; *Henderson* v. *Granele*, id. 581.)   It is as incumbent to identify the instrument acknowledged as the parties acknowledging it. (*Merritt* v. *Yates*, 71 Ill. 636 ; *Miller* v. *Lenk*, 2 T. & C. 86 ; *Fryer* v. *Rockefeller*, 63 N. Y. 268 ; *Gillett* v. *Stanley*, 1 Hill, 121 ; *Stanton* v. *Britton*, 2 Conn. 529 ; *Pendleton* v. *Britton*, 3 id. 406 ; *Hayden* v. *Westcott*, 11 id. 129 ; *Jackson* v. *Osborn*, 2 Wend. 555 ; *Tulley* v. *Davis*, 30 Ill. 103 ; *Shepard* v. *Carriel*, 19 id. 313 ; *Hardin* v. *Kirk*, 49 id. 153 ; *Callaway* v. *Fasb.*, 50 Mo. 420 ; *Wolf* v. *Fogarty*, 6 Cal. 224 ; *Hartley* v. *James*, 50 N. Y. 38 ; *Norman* v. *Wells*, 17 Wend. 137 ; *Smith* v. *Hunt*, 13 Ohio, 260 ; *Hess* v. *McCabe*, 45 Md. 79 ; *Buell* v. *Irwin*, 24 Mich. 145 ; *Spitznagle* v. *Vauhessh*, 13 Neb. 338 ; *Lestwich* v. *Neal*, 7 W. Va. 569.)

FINCH, J.   We do not concur in the ruling which destroys the assignment of the insolvents, because of the defect in the notary's certificate of acknowledgment.   The criticism of its form has a very perceptible and adequate foundation, when the instrument is read by itself, and with no attending circumstances to solve its ambiguity or give meaning to its words. Whether in the light of those circumstances, and applying the admitted canons of construction, it can be read so as to identify the instrument acknowledged, is the question presented for our determination.   If the notary had written, instead of the phrase "the same," where it first occurs in the certificate, the words, "the foregoing instrument," his certificate would have been perfect, and identified the paper acknowledged.   It is evident from what he did write, that he intended to certify the acknowledgment of some instrument, the parties to which he

knew, and that they executed it, and were described in it.  His
certificate appears upon the same paper with the assignment,
and following its signatures and bearing the same date.  It
names, as the persons acknowledging, the two who apparently
executed the assignment.  The words, " the same," must have
some meaning if any just construction can furnish it, for the
writer is supposed to have used them for some purpose, and as ve-
hicles of some idea, and not to have written them uselessly or with-
out intelligent meaning.  Unless they refer to the assignment, and
serve to identify it, they are wholly without force and must be
rejected as idle and superfluous.  If they have any meaning at
all, they must find it in a reference to the assignment immedi-
ately preceding, and which alone answers so much of the de-
scription as appears.  The words are relative, and imply an an-
tecedent which is missing, and without which they are senseless.
The result is an ambiguity which often has to be solved with
the aid of surrounding circumstances.  That the assignors named,
executed and acknowledged some instrument in the presence of
the notary the certificate assures us.  If that instrument was
other and different from the one to which the certificate is ap-
pended, the words " the same " would be inexplicable.  They
would prove as indefinite and uncertain as if the phrase had
been " *an* instrument," or " *some* instrument," or " *a certain*
instrument*,*" which, indeed, is the construction put upon them
by the court below.  But they are not so indefinite.  They im-
ply a known antecedent which the others do not, and assume
that the instrument referred to has been in some manner already
identified.  That manner was only by identity of names and
dates, and position upon the same paper with the certificate,
and immediately preceding it.  To that instrument, and not
to some other indefinite one, the words " the same " must refer,
or practically be stricken from the certificate as having no pur-
pose or meaning.  That we do not unduly strain the language
of the certificate by this construction, or indulge a dangerous
laxity in the performance of official duty by acknowledging offi-
cers, may be made apparent by reference to one or more prece-
dents in the courts of our own State.  In *Canandarqua Acad-*

*emy* v. *McKechnie* (19 Hun, 62; 68), the rule was said to be established that a certificate of proof or acknowledgment need not be in the precise language of the statute, but is to be liberally construed, and is enough if it shows a substantial compliance with the statute.    In *Jackson* v. *Gumaer* (2 Cow. 552), the question arose over the acknowledgment of a mortgage in 1816, under the Revised Laws which required the officer to certify that he knew the person making the acknowledgment to be "the person described in, and who executed" the writing. The officer simply certified that the individual acknowledging was "to me known."    On its face, the whole force of the expression established only the fact of a personal acquaintance, and not at all the prescribed fact that he was known to the officer to be the identical person who was described in, and who executed the instrument.    The argument was strongly pressed that the omission was fatal.    It was urged that the statute was imperative, and its purpose salutary, and aimed at frauds in personating grantors.    To which it was replied, that the objection was "hypercritical," and that the phrase "to me known" should be construed as to me known "as a grantor in the deed upon which my certificate is indorsed."    Assuredly it is no more difficult to refer the words "the same" in the certificate before us to the paper on which the certificate was indorsed, than to extract from the words "to me known" the further meaning "as grantor" in the deed "upon which my certificate is written."    The same construction of the latter phrase was adopted in equity.    (*Troup* v. *Haight*, Hopk. 239), and again in an action at law.    (*Duval* v. *Covenhoven*, 4 Wend. 561.) Less pertinent deviations from the statutory language are found in *Meriam* v. *Harsen* (4 Edw. 70), and *West Point Iron Co.* v. *Rymert* (45 N. Y. 703).    While we do not underestimate the force of the criticism applied to the certificate before us, we are still of opinion that we ought to construe the ambiguous words in the light of the circumstances, and as referring to the instrument to which the certificate was appended, and as sufficiently identifying it.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

.Judgment reversed.