ASA L. ROGERS, as Assignee for the Benefit of Creditors of THE ROGERS MANUFACTURING COMPANY, v. CHARLES E. PELL and Others.

*Corporation — resolution authorizing the president to convey its property to " a proper person" — will not authorize a conveyance to himself.*

The board of directors of a corporation, by a resolution duly passed by it, authorized its president to nominate a proper person and to execute to him an assignment of all the property of the corporation. Thereafter the president executed in the name of the corporation an instrument which purported to convey to himself, as assignee, the property of the corporation.

*Held,* that in the selection of an assignee the corporation had a right to the unbiased discretion of its president, which could not be had when he occupied the antagonistic positions of grantee and active agent of the grantor, and that the effort of the president to vest the title in himself failed.

BROWN, P. J., concurred in result.

MOTION by the plaintiff, Asa L. Rogers, as assignee, etc., for a new trial upon a case containing exceptions, ordered to be heard at the General Term in the first instance.

This case came on for trial at the Kings County Circuit, and after the taking of testimony the court directed a verdict for the plaintiff, upon a stipulation by the plaintiff that upon a motion for a new trial the court might not only set aside the verdict but dismiss the complaint or direct a verdict for the defendant. A motion for a new trial having been made, the court set aside the verdict, dismissed the complaint and directed the exceptions of the plaintiff to be heard in the first instance at the General Term.

This action was brought by the plaintiff, as assignee for the benefit of creditors of the Rogers Manufacturing Company, against the sheriff of Kings county, to recover the value of certain lumber, timber and wood-working materials and chattels alleged to have been wrongfully removed from plaintiff's possession by said sheriff and sold at public auction. The sheriff's indemnitors were substituted in his stead, and their answer alleged that the assignment for the benefit of creditors was void in not being made in conformity with the statutes of the State of New York; that it was made with intent to hinder, delay and defraud creditors of the corporation, and that the property levied upon was taken by virtue of attachments

granted in actions brought against the corporation by certain creditors thereof, and that the property so taken was the property of the corporation and not the property of the assignee.

*John Larkin*, for the plaintiff.

*H. G. Atwater*, for defendants Thomson, and others.

*Andrew Shiland, Jr.*, for defendants Pell, Dannat, Shultz, Ross and P. W. Scribner Lumber Co.

*Thaddeus D. Kenneson* and *Asa A. Alling*, for the defendants Eppinger, Russell, Cyriax and Reeves.

PRATT, J.:

The assignment under which plaintiff claims is sought to be sustained by virtue of a resolution of the directors of a corporation, by which they authorized their president to nominate and execute to a proper person an assignment of all the property of the corporation.

Thereafter he executed in the name of the corporation an instrument which purported to convey to himself, as assignee, the property which was afterwards attached by the defendants.

The validity of the instrument is attacked on various grounds, one of which is that, under the resolution, the president could not lawfully execute a conveyance to himself.

It is also suggested that the power to select an assignee was not one which the directors could delegate.

We think it clear that, in the selection of an assignee, the corporation had a right to the unbiased discretion of its officer. That could not be had when he occupied the antagonistic positions of grantee and the active agent of the grantor.

What would have been the result had the resolution left nothing to his discretion, and designated the president as the assignee, we need not discuss.

In that case it might be agreed that in substance the assignment was the work of the directors and the president but a ministerial agent. But in the present case the assignment was the work of the president. We think the effort to vest the title in himself failed.

It follows that the attachments were a valid levy on the property of the corporation, and the exceptions should not be sustained.

DYKMAN, J., concurred.

BROWN, P. J.:

I do not concur in the conclusion of Judge PRATT, that the assignment is void because made to the president of the corporation. The execution of the assignment was authorized by a resolution of the trustees, and the president empowered to select the assignee. Assuming that the selection of himself by the president as the assignee was not within the terms of the resolution, its execution of the assignment was not a void act. The president was not prohibited from being assignee by any rule of law or by-law of the corporation. If not authorized by the resolution, his selection was a thing the trustees could ratify, and as they do not question the validity of his selection, I do not think creditors can successfully assail the assignment on that ground. The deed may have been voidable at the option of the corporation, but it certainly was not void.

Neither do I agree with the contention that the assignment is void for the reason that the certificate of acknowledgment is defective. The testimony is uncontradicted that it was acknowledged in the State of New Jersey. The statute of this State does not require the certificate of acknowledgment to appear upon the assignment; all that is required is that it be acknowledged. Every fact, however, which is essential to a valid acknowledgment appears in the two certificates signed by the master in chancery. The two certificates should be read together in connection with the instrument itself, and so read, I think there is no difficulty in upholding the instrument as a valid deed. (*Claflin* v. *Smith*, 35 Hun, 372; *Smith* v. *Boyd*, 101 N. Y. 472.)

But there still remains the question whether the instrument was a New Jersey assignment, or made under the New York law. If it is to be treated as a New Jersey assignment, the plaintiff concedes it to be void as against the defendants. This question was, I think, one of fact. The testimony would support a conclusion either way. The defendants asked to have this question submitted to the jury,

but the court refused.  The plaintiff treated the question as one for the decision of the court, and asked for a direction of a verdict in his favor.  The court granted the plaintiff's motion, and the parties then stipulated that, upon the motion made by the defendants for a new trial, the court, instead of granting a new trial, might direct a verdict for defendants, or dismiss the complaint, and that plaintiff might have an exception thereto.  Under this stipulation the court subsequently made an order dismissing the complaint.  The plaintiff thereupon moved for a new trial upon his exception, and the motion was ordered to be heard in the first instance at the General Term.  Under the stipulation of the parties, the question whether the assignment was intended as a New York or New Jersey deed, was clearly left to the decision of the court, and it was empowered to draw the proper inferences from the testimony and determine the fact.

The case does not show upon what precise ground the court placed its decision, but it may have decided that the assignment was under the New Jersey law.  The assignor was a New Jersey corporation, and the assignment was authorized, executed, acknowledged and delivered in that State.  The presumption, therefore, was that it was intended to be operative under the New Jersey law.  The testimony to the contrary is not so conclusive that we can say that the court erred in so holding, and upon this appeal we must, therefore, assume the fact to be that the deed was a New Jersey instrument.

For these reasons, I concur in a denial of the motion.

Motion for new trial denied, with costs, and judgment ordered in accordance with the direction of the trial court.