(47 App. Div. 240.)

ROGERS v. PELL et al.

(Supreme Court, Appellate Division, Second Department. January 9, 1900.)

1. ACKNOWLEDGMENT—PAROL EVIDENCE.
   Parol evidence is admissible to show that an acknowledgment was taken and the certificate was executed at a place other than that laid in the venue of the certificate.

2. SAME—CORPORATE ASSIGNMENT FOR BENEFIT OF CREDITORS—SUFFICIENCY.
   Under 4 Rev. St. (8th Ed.) pp. 2471, 2472, §§ 9, 12, 15, requiring that an officer taking an acknowledgment of any conveyance shall know or have satisfactory evidence that the person making such acknowledgment is the individual described in, and who executed, such conveyance, and that proof of its execution may be made by a subscribing witness in case the officer is personally acquainted with him, or has satisfactory evidence that he is the same person who was the subscribing witness, etc., an acknowledgment of an assignment by a corporation for the benefit of creditors, executed by its president, to which the corporate seal was attached, reciting that on a certain day R., "who is, I am satisfied, the president of the R. M. Co., who, being by me duly sworn, did depose and say that he knows the corporate seal of the company," and that the seal affixed is the company's corporate seal, and was affixed to the conveyance by order of the directors, and that he, as president of the company, signed the instrument by like order of the directors, which acknowledgment was signed by one authorized to take acknowledgments, constitutes a sufficient acknowledgment of such instrument to entitle it to record.

3. SAME—ACKNOWLEDGMENT BY ASSIGNEE—EFFECT.
   Where it did not clearly appear from the acknowledgment of an officer of a corporation attached to an assignment for the benefit of creditors executed by him that the master taking the acknowledgment personally knew such officer, resort may be had to the acknowledgment by such officer as assignee under the assignment to support the acknowledgment.

Appeal from trial term, Kings county.

Action by Asa L. Rogers, as assignee of the Rogers Manufacturing Company, for the benefit of creditors, against Charles E. Pell and others, for the conversion of property alleged to belong to plaintiff's insolvent. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

A. Shiland, Jr., for appellants Pell, Dannat, Schultze, Ross, Scribner Lumber Company, Rand, and Scribner.

Thaddeus D. Kenneson, for appellants Eppinger, Russell, Cyriax, and Reeves.

Henry C. Atwater, for appellants Weaver, Douglas, and Lawson and Dix, as executors.

John Larkin, for respondent.

GOODRICH, P. J. The action was brought originally against John Courtney, as late sheriff of the county of Kings, to recover damages for the conversion of lumber upon which he had levied by virtue of several warrants of attachment issued in actions brought against the Rogers Manufacturing Company by some of its creditors. Judgments were subsequently entered in these actions. Shortly after the commencement of the present action, the defendants, who were indemnitors of the sheriff on his levy, were substituted on his motion and in his place as defendants. The record contains only the joint answer of Eppinger, Russell, Cyriax, and Reeves, four of the defendants, but it was stipulated that for the purpose of this appeal this should be printed as the answer of all the defendants. This answer contains an allegation that:

"Such proceedings were duly had that on or about the 28th day of March, 1894, an order was duly made and entered herein wherein and whereby * * * [the defendants, enumerating all of them] * * * were substituted as defendants in this action in the place and stead of said John Courtney, as late sheriff of the county of Kings."

Before proceeding to a consideration of the facts, we feel constrained to refer to the recent decision of the court of appeals in Levy v. Dunn, 160 N. Y. 504, 55 N. E. 288, where it was held that the mandatory provision of the amendment to section 1421 of the Code of Civil Procedure, passed in 1887, was unconstitutional in so far as it attempted to compel the substitution of indemnitors to the sheriff as defendants on the motion of the sheriff. But as this point was not raised on the present appeal, possibly by reason of the allegation of the answer already quoted, we are not called upon to apply the doctrine of that case, and turn therefore to a consideration of the main question of this action.

The Rogers Manufacturing Company was a corporation organized under the laws of New Jersey, having an office and transacting its business in the state of New York. It made an assignment for the benefit of creditors to Asa L. Rogers, the plaintiff, and at the time of the assignment its president. As such assignee he brought this action to recover damages for the conversion of the property, and the validity of the assignment above referred to was attacked on various grounds. The action was tried and exceptions were ordered to be heard at the old general term of this department. There the exceptions were overruled, and judgment was ordered for the defendants. Rogers v. Pell, 89 Hun, 159, 35 N. Y. Supp. 17. On appeal the court of appeals reversed the judgment (154 N. Y. 518, 49 N. E. 75); holding in favor of the plaintiff on most of the points raised by the present appeal. The judgment of the general term was reversed, however, on the ground that there was a question of fact as to the place of the acknowledgment raised by the evidence, which should have been submitted to the jury. The venue of the certificate of acknowledgment was, "City and County of New York," and the signature was, "Geo. W. Cassedy, Master in Chancery of New Jersey." The plaintiff testified that the certificate was actually executed in New Jersey, but the court held that as he was an interested witness the question of locality should have been submitted to the jury; and this was an addi-

tional ground for the reversal. At the last trial, a jury having been waived, it was proved by the testimony of Mr. Cassedy and other witnesses that the acknowledgment actually was taken in New Jersey; and this was not contradicted. The court in the judgment found that the title to the property in question was vested by the assignment in the plaintiff; that the assignment was executed properly, in accordance with and by virtue of the laws of this state, and was duly acknowledged in New Jersey before a proper officer; that such assignment passed the title of the property to the plaintiff, as assignee; that he was in possession of the property at the time of the issuance of the warrants of attachment and execution to the sheriff; and that the plaintiff was entitled to recover the value of the property. From this judgment the present appeal is taken by all of the defendants. The brief of some of them, after referring to the decision of the court of appeals on the former appeal, states that: ·

"The questions to be discussed are therefore narrowed down to the sufficiency of the certificate evidencing the acknowledgment or proof of the execution of the assignment by the assignor, the Rogers Manufacturing Company."

While the court of appeals did not decide in express language that parol evidence could be introduced to support the certificate of acknowledgment, we think there is no other logical deduction from the decision. It did not disapprove the introduction of parol evidence to support the certificate, but inferentially approved it, referring to Bank v. McCarty, 149 N. Y. 71, 43 N. E. 427, where the court held that an official certificate of acknowledgment to a conveyance or mortgage was prima facie evidence, but that such evidence might be rebutted, under section 936 of the Code of Civil Procedure. In the case at bar there are other matters to be considered. Here the instrument is not a conveyance or a mortgage, in the ordinary sense of the words. It is not necessary to the validity of such instruments that they be recorded. The statute, however, relating to voluntary assignments for the benefit of creditors (3 Rev. St. [9th Ed.] p. 2430, § 2), requires that:

"Every such conveyance or assignment shall be duly acknowledged before an officer authorized to take the acknowledgment of deeds and shall be recorded. * * * The assent of the assignee, subscribed and acknowledged by him, shall appear in writing, embraced in or at the end of, or indorsed upon the assignment, before the same is recorded, and, if separate from the assignment, shall be duly acknowledged."

It is thus to be observed that a proper acknowledgment is necessary to the validity of such an assignment, and if there be a substantial defect therein the assignment will be invalidated by such defect.

The defendants contend that the certificate is insufficient because it fails to state that the master knew or had satisfactory evidence of the identity of Rogers, or that he held the office of president of the corporation. We have not been referred by counsel to any statute, nor have we been able to find any, which provided for the form of acknowledgment of deeds by a corporation. The real-estate law of 1896 (5 Rev. St. [9th Ed.] p. 3598, § 258) gives a form of the certificate which must be used. This seems, however, to be simply an

adoption of the form which had been in general use for many years, and approved by numerous decisions. Chancellor Walworth, in Lovett v. Association, 6 Paige, 54, held that the officer or agent of a corporation who executes a deed in the name of the corporation by affixing to the instrument the impression of the corporate seal intrusted to his care is the party executing the deed; that he also stands in the character of a subscribing witness, and may be examined by the commissioner to prove that the seal affixed by him is the common seal of the corporation; that the seal thus affixed is of itself prima facie evidence that it was so affixed by order of the corporation. The certificate of acknowledgment reads as follows:

"State of New York, City and County of New York—ss.: On this sixteenth day of May, 1893, before me, the subscriber, personally came Asa L. Rogers, who is, I am satisfied, the president of the Rogers Manufacturing Company, who, being by me duly sworn, did depose and say that he resides in the city of Brooklyn, in the state of New York; that he knows the corporate seal of said company, and that the seal affixed to the foregoing conveyance is the corporate seal of said company; that the seal was affixed to the said conveyance by order of the directors of the said company; and that he, as president of said company, did sign the said instrument by like order of the board of directors.                              George W. Cassedy,
                    "Master in Chancery of New Jersey."

Counsel for some of the defendants criticises this form as being "void for the reason that it was not acknowledged as required by the laws of this state,"—especially in that it does not state that Rogers was personally known to the master. But on its face the certificate shows that the master certified that he was satisfied that Rogers was the president of the corporation, which was a sufficient identification. This we hold to have been a compliance with the Revised Statutes as they existed at the date of the acknowledgment (4 Rev. St. [8th Ed.] pp. 2471, 2472, §§ 9, 12, 15), which provided for acknowledgment by the person executing, and proof by the subscribing witness. There was at the trial oral evidence by the master to supply any apparent defect in the identification. He testified that he knew Mr. Rogers. He did not testify that he knew him to be the president of the corporation, but that fact sufficiently appears in the certificate. There was evidence that the corporation by resolution had authorized the president, Mr. Rogers, to execute a general assignment for the benefit of creditors, to a person to be named by him; and the signature to the assignment reads: "Asa L. Rogers, President of the Rogers Manufacturing Company." The instrument is that of the corporation, and its corporate seal is affixed. If it were necessary so to do, resort could be had to the second, certificate of acknowledgment by Rogers, bearing the date of the previous one, where the master certifies that Rogers was personally known to him to be the individual who executed the assignment; for the statute requires the execution and acknowledgment by the assignee as a component part of the instrument, just as it requires these acts on the part of the assignor. The tendency of the courts of this state is to uphold the certificate of an officer when the substance is present. In Smith v. Boyd, 101 N. Y. 472, 5 N. E. 319, Judge Finch, speaking for the court as to an ambiguous certificate of acknowledgment,

went much further than we are called upon to go in the case at bar, in order to uphold an assignment. Taking the two certificates, with the evidence as to the place where the first actually was taken, we entertain no doubt of the sufficiency of the evidence to sustain the allegation that the assignment was duly and properly executed, acknowledged, and certified, within the laws of this state. Turning now to the opinion of the court of appeals on the former appeal, and accepting the finding of the learned justice at special term that the assignment was duly acknowledged in New Jersey before an officer authorized to take it, we see no escape from the conclusion that the instrument was a voluntary assignment, duly executed and acknowledged under the laws of this state, and that it vested in the assignee the property in question. It follows that the judgment should be affirmed.

Judgment affirmed, with costs. All concur.