Asa L. Rogers, as Assignee for the Benefit of Creditors of the Rogers Manufacturing Company, Respondent, *v.* Charles E. Pell et al., Appellants.

Assignment for Benefit of Creditors — Power of County Court to Appoint Substituted Assignee. Under section 25 of the Assignment Act (Laws of 1877, ch. 466), a County Court has power to appoint a substituted assignee in the place of a deceased assignee for the benefit of creditors of a debtor whose business was conducted and general assignment was recorded in the county, and the power is not confined to the case provided for by section 10 of that act.

(Argued April 15, 1901; decided April 23, 1901.)

Motion to substitute T. Ellett Hodgskin as substituted assignee for the benefit of creditors of the Rogers Manufacturing Company as plaintiff and respondent in the place of Asa L. Rogers, deceased.

*John Larkin* for motion.

*Thaddeus D. Kenneson,* opposed.

*Per Curiam.* Asa L. Rogers, the assignee for the benefit of creditors of the Rogers Manufacturing Company, having

died, the County Court of Kings county (the county where
the business of the assignor was conducted, its property
situated and its general assignment recorded) made an order
substituting T. Ellett Hodgskin as assignee in the place of
said Rogers, deceased. An appeal to this court had at that
time been taken in this action from a judgment in favor of
the assignee, and this motion seeks to have T. Ellett Hodg-
skin as substituted assignee for the benefit of creditors of the
Rogers Manufacturing Company substituted as plaintiff and
respondent herein in the place of Asa L. Rogers, deceased.

The appellant objects to such substitution, claiming that
Hodgskin is not the substituted assignee of the Rogers Man-
facturing Company, because of want of power in the County
Court to make the appointment, and in support of such con-
tention cites *Matter of Tousey* (2 App. Div. 569). That
case upheld the appointment by the Supreme Court of a
substituted assignee for the benefit of creditors, and the opin-
ion very clearly demonstrates that if there were no provision
of the statute whatever authorizing an appointment by the
court of an assignee in the place of a general assignee removed
by death or otherwise, the power to make such an appoint-
ment rests in the Supreme Court. The question was not up
for decision whether the County Court could in any other case
than that provided for by section 10 of the Assignment Act
appoint a substituted assignee, and hence the court was not
called upon to examine the provisions of the statute for the
purpose of ascertaining whether the provisions of that law
are broad enough to confer such power upon the County
Court.

Our conclusion is that such power is conferred by section
25 (L. 1877, ch. 466) which provides:

"Any proceeding under this act shall be deemed for all
purposes, including review by appeal or otherwise, to be a
proceeding had in the court as a court of general jurisdiction,
and the court shall have full jurisdiction to do all and every
act relating to the assigned estate, the assignees, assignors and
creditors, and jurisdiction shall be presumed in support of the

orders and decrees therein unless the contrary be shown ; and after the filing or recording of an assignment under this act, the court may exercise the powers of a court of equity in reference to the trust and any matters involved therein," inasmuch as the court authorized by that section to exercise the powers of a court of equity in reference to the trust and all matters involved therein, is the County Court as appears from an examination of the preceding sections.

Not until the last section of the act is reached is there to be found a reference to the Supreme Court; which section gives to the Supreme Court and the justices thereof concurrent jurisdiction in all powers, rights and duties conferred upon County Courts and county judges.

PARKER, Ch. J., O'BRIEN, BARTLETT, MARTIN, VANN and LANDON, JJ., concur; CULLEN, J., not sitting.

Motion granted, without costs.