MARY J. FAHEY, Respondent, *v.* FANNIE L. OTTENHEIMER, Appellant, Impleaded with LOUIS MARKS, Respondent.

First Department, March 11, 1927.

**Acknowledgment — certificate of acknowledgment of deed is not defective where notary leaves out name of grantor — such alleged defect will not affect title — corporations — sale of real property — fact that sale may have violated certificate of incorporation does not render title defective in hands of subsequent purchaser, where full consideration is paid and thirty years have elapsed — assignee of purchaser cannot recover down payment on ground that title was defective — counterclaim presents issue for trial.**

This is an action by the assignee of a vendee to recover a down payment on the ground that the deed tendered by the vendor did not transfer a marketable title. The defects claimed were that the certificate of acknowledgment to the deed omitted to state the name of the grantor, and that some thirty years before, a corporation, which then owned the property, transferred it in violation of the powers contained in the certificate of incorporation.

A certificate of acknowledgment of a deed is not defective where the notary omits to state in the certificate the name of the person who executed the deed, if the certificate is otherwise sufficient.

The plaintiff's contention, that the title is not marketable on the ground that the corporation, which owned the property before the present transaction, transferred it in violation of its certificate of incorporation, cannot be sustained, for it appears that full consideration was paid for the property at the time it was transferred to the corporation, and that the then purchaser and subsequent owners have held the property for thirty years. The plea of *ultra vires* cannot prevail where the contract is fully executed.

The motion for judgment on the pleadings dismissing the complaint for insufficiency should have been granted.

The defendant's motion for judgment on his counterclaim against the other defendant, plaintiff's assignor, was properly denied, for the answer of the plaintiff's assignor was sufficient to raise an issue requiring a trial.

APPEAL by the defendant, Fannie L. Ottenheimer, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York

on the 16th day of June, 1926, denying said defendant's motion to dismiss the complaint pursuant to section 476 of the Civil Practice Act and rule 112 of the Rules of Civil Practice, and also from an order entered in said clerk's office on the same day denying said defendant's motion for judgment on the counterclaim against her codefendant, contained in her amended answer, which motion was made on the ground that the answer of her codefendant was insufficient in law.

The two appeals have been consolidated pursuant to order of the Appellate Division dated July 8, 1926.   (See 217 App. Div. 792.)

*Max Shlivek* of counsel [*Saul S. Brin* with him on the brief; *Max Shlivek*, attorney], for the appellant.

*Martin Lippman* of counsel [*Isidore Bluestein* with him on the brief; *Martin Lippman*, attorney], for the plaintiff, respondent.

*Louis E. Tetelman* of counsel [*Tetelman & Tetelman*, attorneys], for the respondent Louis Marks.

MERRELL, J.   Plaintiff, assignee of a vendee, sues to recover a down payment of $10,000 made by her to defendant Ottenheimer under a contract for the purchase of real property.

The complaint alleges the making of a contract between defendant Ottenheimer and Louis Marks, whereby the former agreed to sell to Marks the premises in question for $55,000, of which $10,000 was paid by Marks on the signing of the contract, a second $10,000 was to be paid on the closing of title, and the balance by the purchaser executing and delivering a purchase-money mortgage for $35,000.   Marks assigned all his interest under the contract, including the $10,000 down payment, to the plaintiff. On October 5, 1925, the day fixed for closing, plaintiff tendered to defendant Ottenheimer the second $10,000 and the mortgage for $35,000, as provided by the contract, and said defendant tendered a deed, to which plaintiff objected, claiming that it did not convey good title, on three grounds.   One of these was waived by plaintiff's counsel upon the argument.   The other two objections are:

1. That the deed of April 5, 1922, to the defendant Ottenheimer was not acknowledged by the alleged grantor in accordance with the provisions of the Real Property Law.

2. That one of the mesne conveyances through which defendant Ottenheimer acquired title, namely, the deed from the Wave Crest Corporation to Sheppard Knapp, under date of July 10, 1894, was an *ultra vires* act of said corporation, in that the objects for which the corporation was formed, as set forth in its amended certificate of incorporation, were the purchasing, acquiring and improving of real estate for residences and homesteads, and appor-

tioning and distributing the same among its stockholders and members, and that said corporation's grantee was not a stockholder or member thereof, and the deed of said corporation was, therefore, invalid and ineffectual to convey title to said property.

The answer of the defendant Ottenheimer denies the existence of the alleged defects in title, and alleges that so far as they actually existed they did not render the title unmarketable. Said answer also contains two counterclaims, in the first of which it is alleged that the first alleged defect in title was cured on the day following the date set for closing, when defendant's grantor reacknowledged the deed and the same was re-recorded. As to the second alleged defect, said counterclaim alleges that the conveyance by the Wave Crest Corporation to Knapp was made for a valid consideration which was used for the benefit of the corporation; that plaintiff was never a stockholder or member of the corporation; that said corporation has long since been dissolved and no longer exists.

The defendant Ottenheimer also by her answer sets up a counterclaim against the defendant Marks for specific performance and upon an alleged guaranty by Marks of payment by the purchaser of the second $10,000 on the day set for closing the title.

The defendant Marks appeared and answered, raising the identical issues presented by the complaint and the answer of the defendant Ottenheimer thereto. Plaintiff replied to the counterclaim of the defendant Ottenheimer, denying the alleged tender of a marketable title.

Plaintiff's first objection that the deed to the defendant Ottenheimer was improperly acknowledged arose from an apparent oversight on the part of the notary who took the acknowledgment to include in his certificate the name of the grantor. In every other respect the certificate of acknowledgment was regular and complete. Section 303 of the Real Property Law as to the requisites of an individual acknowledgment provides as follows: " Requisites of acknowledgments. An acknowledgment must not be taken by any officer unless he knows or has satisfactory evidence, that the person making it is the person described in and who executed such instrument."

It will be noted that no form of acknowledgment is provided by statute where an instrument is acknowledged by an individual. Our present statute, however (Real Prop. Law, § 309, as amd. by Laws of 1925, chap. 570), prescribes the form for a certificate of acknowledgment made by a corporation. Prior to 1896 no particular form was prescribed for the acknowledgment of a deed or mortgage made by a corporation, although a form similar to the present statutory form was used in practice. (See Real Prop. Law of 1896, § 258;

*Pruyne* v. *Adams Furniture & Mfg. Co.*, 92 Hun, 214, 217; *Rogers* v. *Pell*, 47 App. Div. 240, 244; 166 N. Y. 565; affd., *sub nom. Hodgskin* v. *Pell*, 168 id. 587; Fowler's Real Prop. Law [3d ed.], 997, and cases cited.) The sufficiency of the proof of the execution must be determined by the law in force at the time it was taken. (*Trustees of Canandarque Academy* v. *McKechnie*, 90 N. Y. 618, 627.) It has been held that the precise words of section 303 need not be followed in certifying an acknowledgment. (*Schum* v. *Burchard*, 211 App. Div. 126; *Smith* v. *Boyd*, 101 N. Y. 472.) At most a certificate of acknowledgment is mere proof that the party executing the deed acknowledged the execution thereof to a proper officer authorized by law to take acknowledgments and affidavits. Where the notary certifies, as in the deed to the defendant Ottenheimer, that he knew that the person executing the deed was the same person described therein, and that she executed the same, every requirement of the statute was met. The same question presented upon this appeal arose in the case of *Milner* v. *Nelson* (86 Iowa, 452) under an Iowa statute* quite similar to the New York statute with reference to acknowledgments of instruments to be recorded. In the Iowa case, as here, the notary inadvertently omitted from his certificate of acknowledgment the name of the person who executed and acknowledged the instrument. The Iowa court held that such certificate of acknowledgment met every requirement of the statute.

As to the second objection by the plaintiff to the title of the premises proffered by the defendant Ottenheimer, that the conveyance of the property thirty-two years before by the corporation Wave Crest of Far Rockaway to Sheppard Knapp was an *ultra vires* act of the corporation, I think there is no force to such objection. While it is true that the amended certificate of incorporation of Wave Crest of Far Rockaway provided that the activities of the corporation should be confined to acquiring and improving real estate for residences and apportioning and distributing the same among the stockholders and members of such corporation, nevertheless, the corporation did convey to Knapp and received the consideration for such conveyance. It is possible that stockholders of the corporation might have taken proceedings to prevent such *ultra vires* act of the corporation prior to its actually becoming executed. No such proceedings, however, were taken, and the conveyance was completed and the purchase price paid by the grantee. No claim is made but what full consideration was paid upon such conveyance to Knapp, the only allegations being that the conveyance was *ultra vires* because Sheppard Knapp, the

* See Iowa Code of 1873, § 1958; now Iowa Code of 1924, § 10094.— [REP.

grantee, was not a stockholder or member of the Wave Crest of Far Rockaway, and that by reason thereof the corporation had no authority to convey said premises to said Knapp. Upon the question of an *ultra vires* act of a corporation, 14-A Corpus Juris, 581, lays down the rule as follows:

" *Entirely Executed Contracts.* It is equally well established, and without division of opinion, that, if an *ultra vires* contract has been fully performed by both parties to it, neither party can maintain an action at law nor a suit in equity against the other either to set aside the transaction nor to recover back money or property which has passed from one to the other under the contract. Thus one who has sold property to a corporation and received payment therefor cannot sue to rescind the sale on the ground that the corporation has no power to purchase; *nor under the same circumstances could the corporation rescind and recover back what it has paid.*" (Italics are the writer's.)

In *Holmes & Griggs Mfg. Co.* v. *Holmes & Wessell Metal Co.* (127 N. Y. 252) the Court of Appeals said (at p. 260): " But, assuming the transaction to have been *ultra vires*, the defenses interposed would still be unavailable. The plaintiff has the stock and has paid for it. It cannot be recovered back by the defendant, for the transaction is completed and closed. Whilst the contract remained executory, if it was unauthorized, a stockholder or person interested might have interfered by injunction, and prevented the transfer of the property of the plaintiff to the defendant. But the contract having become executed, the title of the stock now vests in the plaintiff, and it has the power to sell and dispose of the same. [*Sistare* v. *Best,* 88 N. Y. 527–533; *Milbank* v. *N. Y., L. E. & W. R. R. Co.,* 64 How. Pr. 20.] "

It is to be noted that in *Holmes & Griggs Mfg. Co.* v. *Holmes & Wessell Metal Co. (supra)* the Court of Appeals expressly held that while a stockholder could enjoin an *ultra vires* contract while it was still executory, no such interference was permitted after the contract had been fully performed on both sides. Here we find a conveyance by the owner of the fee, Wave Crest of Far Rockaway, to Sheppard Knapp upon full consideration made thirty-two years ago and since which time the defendant Ottenheimer and her grantors have held title to the premises uninterruptedly and undisputed under claim of title and ownership. I think there is no virtue whatever in either of the objections raised to the marketability of the title which the defendant Ottenheimer offered to convey, and that, therefore, there was no valid reason for rejecting the title to said premises.

I am, therefore, of the opinion that the motion for judgment

on the pleadings dismissing plaintiff's complaint for insufficiency, should have been granted by the court at Special Term, and that the court erred in denying said motion. As to the motion of the defendant Ottenheimer for judgment on the counterclaim, on the ground that the answer of the defendant Marks was insufficient in law, I am of the opinion that under the denials contained in the answer of the defendant Marks issues were presented which will require a formal trial thereof, and that, therefore, the court properly denied the motion of the defendant, appellant, for judgment on said counterclaim.

The order denying the motion of the defendant Ottenheimer for the dismissal of plaintiff's complaint should be reversed, with ten dollars costs and disbursements, and said motion granted, with ten dollars costs. As to the order denying the defendant Ottenheimer's motion for judgment on her counterclaim, the order appealed from should be affirmed, with ten dollars costs and disbursements.

DOWLING, P. J., FINCH, McAVOY and PROSKAUER, JJ., concur.

Order denying motion for dismissal of complaint reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Order denying motion for judgment on appellant's counterclaim affirmed, with ten dollars costs and disbursements.