William L. Gibson, Jr., Esq. Informal Opinion County Attorney No. 2000-8 County of Broome Box 1766 Binghamton, N Y 13902-1766
Dear Mr. Gibson:
You have asked several questions regarding application of the statutory forms for certificates of acknowledgment set forth in sections 309, 309-a and 309-b of the Real Property Law. You note that county clerks record conveyances and other instruments with respect to real property that must be acknowledged in accordance with these provisions. You add that county clerks also file or record other types of documents, including partnership agreements, agreements pertaining to the formation of limited liability corporations, and separation agreements, which also must be acknowledged, and that some but not all statutes expressly require acknowledgment in the same form used for acknowledgment of a deed.
A deed is a conveyance of real property. See Real Property Law §290(3). Real Property Law § 309-a(1), by providing the form with which a "certificate of acknowledgment, within this state, of a conveyance or other instrument in respect to real property situated in this state, by a person, must conform," provides the form for acknowledgments used in recording a deed. The legislative history of section 309-a confirms that the Legislature intended to require that the single, standard form of acknowledgment set forth in that statute be used for all conveyances of interest in real property in this state. See Bill Jacket, L. 1997, ch. 19, Memorandum to Richard J. Sinnott from Stephen J. Harrison dated June 25, 1997; see also Memorandum of Assemblyman David S. Sidikman, New York State Legislative Annual, 1997, p. 111.
You first ask whether section 309-a or section 309-b of the Real Property Law applies to acknowledgments of documents that are not conveyances of real property but that are required by statute to be in the same form as the acknowledgment used in recording a deed. See, e.g., Domestic Relations Law § 170(6) (written agreement for separation); Estates, Powers and Trusts Law § 13-2.2
(mortgages and transfers of interest in decedents' estates). Because deeds must be acknowledged in the form set forth in section 309-a, we conclude that such other acknowledgments must likewise conform to the requirements of section 309-a. Section 309-b, which by its terms applies exclusively to acknowledgments executed outside the State, has no bearing on the question.
You also ask about documents that are not conveyances of real property, and as to which the statutes requiring that they be acknowledged do not indicate that a particular form of acknowledgment be used. We conclude that the acknowledgments of such documents must also conform to the requirements of section 309-a. These acknowledgments are governed by section 11 of the General Construction Law, which provides:
 When the execution of any instrument or writing is authorized or required by law to be acknowledged, or to be proven so as to entitle it to be filed or recorded in a public office, the acknowledgment may be taken or the proof made before any officer then and there authorized to take the acknowledgment or proof of the execution of a deed or real property to entitle it to be recorded in a county clerk's office, and shall be made and certified in the same manner as such acknowledgment or proof of such deed (emphasis supplied).
Because the acknowledgments of these documents must be made in the same manner as the acknowledgment of a deed, which in turn must conform to the requirements of section 309-a, these acknowledgments must conform to section 309-a as well.
Corporate Acknowledgments
You next ask what form of acknowledgment should be used for a conveyance of an interest in real property by a corporation. Section 309
of the Real Property Law, which deals generally with corporate acknowledgments, expressly provides that "the acknowledgment within this state, of a conveyance or other instrument in respect of real property situate in this state" is "subject to the provisions of" section 309-a. Real Property Law § 309(3). Section 309-a(4), which includes "any corporation" in its definition of a "person" whose conveyance of real property must conform to the requirements of section 309-a, implements section 309(3). Thus, acknowledgments of corporate conveyances of real property must likewise conform with the form set forth in section 309-a.
Next, you inquire what form is required for corporate acknowledgments of documents other than instruments with respect to real property. We conclude that section 309 of the Real Property Law, and not section 309-a, applies to such documents. Section 309 applies generally "to the acknowledgment of a conveyance or other instrument by a corporation." Id. § 309(1). Thus, save for corporate acknowledgments of instruments with respect to real property — which, as noted above, are expressly made subject to the provisions of section 309-a — the requirements of section 309 apply to corporate acknowledgments.
Other Issues
You have also asked what form of acknowledgment is used for documents conveying interests in real property situated in the State that are acknowledged outside the State. You note that section 309-b(1) states that such out-of-State acknowledgments "may conform substantially" with the form set forth in section 309-b(2), and contrast the use of the permissive "may" in section 309-b(1) with the use of the mandatory "must" in section 309-a(1). You therefore inquire whether county clerks may accept for filing documents covered by section 309-b that are not acknowledged in the form set forth in section 309-b(2).
We conclude that clerks may accept such a document if its acknowledgment conforms to the requirements of the jurisdiction in which the acknowledgment was taken. Subdivision 3 of section 309-b provides that "[n]o provision of this section shall be construed to . . . modify the choice of laws afforded by sections two hundred ninety-nine-a and three hundred one-a of this article pursuant to which an acknowledgment or proof may be taken." Sections 299-a and 301-a of the Real Property Law permit an acknowledgment to conform either to the laws of New York or to the laws of the jurisdiction where the acknowledgment is taken. The legislative history of section 309-b confirms that the Legislature intended to preserve this choice of acknowledgment forms.See Bill Jacket, L. 1998, ch. 596, Letter from Assemblyman David S. Sidikman to James M. McGuire, dated July 2, 1998; see also Memorandum of Senator James J. Lack, New York State Legislative Annual — 1998, p. 375. Therefore, acknowledgments taken outside the State may, but need not, conform to the acknowledgment form set forth in section 309-b.
Finally, you note that both sections 309-a and 309-b require that an acknowledgment "conform substantially" with the form provided. You have asked what constitutes substantial conformance. In the absence of a specific acknowledgment prompting your concern, we can only comment generally on this question. Substantial conformance has been interpreted to mean that, while the precise language of the statute need not be used, material provisions of statutory requirements cannot be disregarded. See Smith v. Boyd, 101 N.Y. 472, 477 (1886). Thus, at a minimum, all of the substantive elements of the form must be present, including the jurat, the name of the person executing the instrument, personal appearance of signatory before the notary, the admission that the signatory is the individual who executed the documents in question and is known to the notary, and the signature of the notary. Minor variations of style or descriptive content, or obvious clerical errors and technical omissions or defects, may have no impact on the acceptability of the acknowledgment if all substantive elements contained in the form are present. Cubisino v. Cohen, 47 N.Y.S.2d 952 (Sup.Ct. N.Y. Co.), aff'd.,267 App. Div. 891 (1st Dept. 1944).
We conclude that all documents acknowledged in the State and conveying an interest in real property in the State, including those recorded by a corporation, must be acknowledged under section 309-a of the Real Property Law. With respect to documents required to be filed that are not conveyances of an interest in real property, such documents filed by corporations must be acknowledged under section 309 of the Real Property Law, and such documents filed by persons and entities other than corporations must be acknowledged under section 309-a of the Real Property Law. Documents conveying interests in real property located in the State that are acknowledged outside the State may be acknowledged with either the form set forth in section 309-b
of the Real Property Law or the form of acknowledgment of the jurisdiction where the document is acknowledged.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
WILLIAM E. STORRS, Assistant Solicitor General