In re GEORGI.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

ADMINISTRATOR'S SALE—NOTICE TO CREDITORS—PUBLICATION—VALIDITY—PURCHASER'S RIGHTS.

Code Civ. Proc. § 2754, authorizes a citation to creditors of a decedent where the sale of property is necessary to pay debts, unless the administrator has published the regular notice to creditors, and the time prescribed therein has elapsed. Section 2523 authorizes the surrogate to order service of such citation by publication on unknown creditors. Held, that where no administrator's notice to creditors had been published, and no order for publication of notice to unknown creditors had been made, a purchaser of land sold under the surrogate's decree to pay debts could not be compelled to complete the same, since the proceedings were void for want of notice.

Appeal from surrogate's court, New York county.

Application by Otto H. Georgi, as administrator, etc., of Cossuth L. Georgi, deceased, to compel Peter Daly to complete the purchase of land sold under a surrogate's decree, as necessary to pay debts and funeral expenses. From an order denying the application and discharging the purchaser, the administrator appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

John Aitken, for appellant.
David McClure, for respondent.

PATTERSON, J.  On the 21st of January, 1898, the surrogate of the county of New York made a decree directing that certain real property of the petitioner's intestate be sold for the payment of debts and funeral expenses.  Pursuant to that decree, a part of the property was offered for sale, and was bid in by Peter Daly, who subsequently declined to take title, whereupon the administrator applied to the surrogate, and procured an order requiring the purchaser to show cause why he should not complete his purchase.  In response to that order, the purchaser presented his petition to the surrogate, in which he stated his objections to the title, and prayed that he be relieved from the purchase, and that he have refunded to him a deposit made with the auctioneer at the time of sale.  The surrogate, in passing upon these petitions, decided that the purchaser should be relieved from his purchase, and that the money deposited by him should be refunded, with interest, and the expenses incurred by him.  Several objections were stated by the purchaser, but it is only necessary to consider one of them.  The second objection is well taken, and goes to the foundation of the whole proceeding under which the sale was had.  That objection is in the following words: "That the citation issued upon the filing of the petition in this proceeding, although issued as required by section 2754 of the Code of Civil Procedure, and directed to the creditors therein named and to all other creditors, was not published as required by section 2523 of the Code of Civil Procedure."  The defect pointed out is one directly affecting the sufficiency of the procedure to bind those who were entitled to notice.  Section 2754 of the Code of Civil Procedure requires that, unless the executor or administrator has caused to be published, as prescribed by law, a notice requiring creditors to present their claims, and the time for the presentation thereof pursuant to notice has elapsed, the citation must be directed, generally, to all other creditors of the decedent, as well as the creditors named.  It is admitted in the record that no order to advertise for claims had been made, and that no advertisement for creditors to present claims had ever been published, and that no order for publication of the citation was applied for, or made by the surrogate's court.  Section 2523 of the Code of Civil Procedure provides that the surrogate may make an order for service of citation by publication upon one or more unknown creditors, next of kin, legatees, heirs, devisees, or other persons included in a class to whom a citation has been directed designating them by a general description.  It would seem to be clear that it was intended by the legislature that in a proceeding of this character creditors should receive notice.  It is suggested that the provision of section 2523 of the Code of Civil Procedure leaves it discretionary with the surrogate to require a citation to be served by publication; but we are of opinion that in a proceeding of this character, where the administrator has not published a notice requiring

creditors to present claims, or where he has published such a notice, and the time in which to present them has not elapsed, that it is necessary a citation directed to creditors, designating them by a general description, shall be published, as there is no other way in which notice can be brought home to unknown creditors. Those creditors must be cited. In commenting upon section 2754 of the Code of Civil Procedure, Surrogate Rollins, in Kammerer v. Ziegler, 1 Dem. Sur. 177, said that the provisions of that section were designed to do away with publication when creditors have, by published notice, been required to present their claims; but, "unless such a course has been pursued, creditors, whether known to exist or not, must be cited as a class, and such citation must be published as required by section 2523." That, we understand to be the proper interpretation. The proceeding is a statutory one, and devests title to real estate, and must be strictly pursued. Stilwell v. Swarthout, 81 N. Y. 109.

The second objection was well taken, and the decree of the surrogate was correct, and must be affirmed, with costs. All concur.