allowance. While the main contention which he raised was de-
cided unfavorably to him, yet, in view of the serious questions in-
volved, he was thoroughly justified in litigating the matter to the
great length that he did; and the fact that he was unsuccessful in
upholding his views should not deprive him of a fair and reason-
able compensation. I have determined to allow him the further sum
of $1,000, to be paid from the income of his wards, the general es-
tate having already contributed a sum equivalent to his costs. The
bill of costs presented by the accountants has been taxed. Commis-
sions should be calculated on $127,024.39. Insert allowance, costs,
and commissions in decree, and present the same for signature.

Decreed accordingly.

(30 Misc. Rep. 18.)

### In re GEDNEY'S ESTATE.

(Surrogate's Court, New York County. December, 1899.)

1. PARTITION—DISTRIBUTION OF PROCEEDS—JUDGMENT—EFFECT — CREDITORS'
   CLAIMS.
   The supreme court's judgment in a partition suit, directing the proceeds
   of the property sold to be deposited in the surrogate's court for distribu-
   tion, and establishing the validity of certain creditors' claims, and their
   right to have such proceeds applied towards the payment thereof, is suffi-
   cient authority and a binding and effective determination for the distribu-
   tion of the fund by the surrogate, and of the right of participating there-
   in of such claimants.

2. EXECUTORS AND ADMINISTRATORS.
   Moneys received from an executor from the sale of property under a
   power of sale in the will cannot be directed to be applied to the payment
   of the estate's debt, in an action to sell certain of decedent's real estate,
   and to make distribution of the proceeds arising under a sale.

Motion to dismiss an application to sell real estate of Charles
Gedney, deceased, to pay debt. Denied.

John F. Meyer (Charles A. Deshon, of counsel), for petitioner.
Thomas E. Stewart, for executor.
Muller, Holt & Duross, for creditors, opposed.

VARNUM, S. The judgment of the supreme court in the parti-
tion suit, which directed the proceeds of the real estate sold therein
to be deposited in this court for distribution, is sufficient authority
for the distribution of such proceeds by the surrogate. Code Civ.
Proc. § 1538. That judgment also recognized and established the
validity of the claims of certain creditors therein designated, who
are parties to this proceeding, and their right to have such pro-
ceeds applied towards the payment of their claims. The moneys
in the hands of the executor resulting from the property sold by
him under the power of sale given by the will of the decedent is
also primarily or proportionately so applicable, but it cannot be
directed to be so applied or distributed in this proceeding. This,
however, need not prevent the payment of the claims mentioned
out of the moneys now in court, so far as they are applicable to the
purpose; reserving thereout a sum sufficient for the satisfaction
of the balance of the claims in the event of its being ascertained

upon the accounting of the executor, or in some other appropriate proceeding, that the funds in his hands are not available for the payment of such balance. I do not see that it makes any material difference whether the proceedings begun to dispose of the real estate which was subsequently sold, and the proceeds of which are referred to herein, are dismissed or not. Whether the moneys to be now distributed are to be considered as being distributed in an independent proceeding, or in the proceeding sought to be dismissed, the judgment of the supreme court is a binding and effective determination for the distribution of the moneys by the surrogate, and of the right of participation therein of the claimants mentioned. I therefore see no occasion for dismissing the proceeding brought to dispose of the real estate. The party asking such dismissal is allowed to intervene in such proceeding, although it is not apparent what practical utility can result from such intervention, in view of the determination which I have hereinbefore made. In making such determination, I have taken into consideration the amended answer of the party asking such dismissal, and have permitted the same to be filed. Decreed accordingly.

---

(30 Misc. Rep. 19.)

### In re PLUMMER. [1]

(Surrogate's Court, New York County. December, 1899.)

TRANSFER TAX—UNITED STATES BONDS—LIABILITY.

> United States bonds held by a decedent, issued under Act July 14, 1870, providing that they should be exempt from taxation in any form, by or under state, municipal, or local authority, are nevertheless taxable, under Transfer Tax Law 1896, § 242, as amended by Laws 1898, c. 88, imposing such taxation on the transfer of decedents' "estate" and "property," and declaring that such words shall include all property, or interest therein, within or without the state; since such tax is not levied on the bonds, but on the transfer.

Proceeding for the assessment of transfer tax on the estate of Joseph Plummer, deceased. From an order fixing the tax, the executor appeals. Dismissed.

Evarts, Choate & Beaman (Wm. V. Rowe, of counsel), for appellant.

Jabish Holmes, Jr., for respondent.

VARNUM, S. 'On this appeal the sole question at issue is whether or not a transfer of United States bonds, which took place since March 21, 1898, the date when chapter 88 of the Laws of that year took effect, is taxable thereunder. The decedent died October 24, 1898, and the order fixing the tax from which this appeal is taken was made on July 19, 1899. It appears, by stipulation, that the bonds were issued under the act of July 14, 1870, which provides that they shall be exempt from taxation by the United States, and "from taxation in any form by or under state, municipal or local authority," and that each bond contains a clause to that effect. Under these circumstances, I have examined, with much interest,

[1] Affirmed on appeal, see 62 N. Y. Supp. 1145.