(Surrogate's Court, New York County. November, 1900.)

1. EXECUTORS AND ADMINISTRATORS—REAL ESTATE—SALE—PROCEEDS—EXECUTOR'S RIGHTS.

　　Where testator devised property to his wife for life, remainder to his daughter, and the same was thereafter sold in partition in the supreme court, which directed that the fund should be paid into the surrogate's court, and distributed as authorized by Code Civ. Proc. § 1538, such property being no part of the estate which passed to the executor, he was not entitled to have the proceeds paid to him for distribution.

2. SAME—RES JUDICATA.

　　Where, in partition of a decedent's real estate in the supreme court, a claim of a creditor was declared to be valid and a lien against the property, such determination was res judicata in a proceeding before the surrogate for distribution of the proceeds, and hence the defense of limitations could not be then urged against it.

3. SAME—ANNUITY—MORTGAGE—RIGHTS OF ANNUITANT—SUBROGATION.

　　A testator devised real estate to his wife for life, remainder to his daughter, and bequeathed to the daughter an annuity payable from the net income of the real estate after payment of taxes, assessments, insurance, repairs, and legal charges. Testator leaving unpaid debts, the daughter authorized payment of certain of the debts from the income, and postponement of the annuity. She also mortgaged her interest in the property, except the annuity, to A., and executed a second mortgage on such interest, including the annuity, to B. The property was thereafter sold in partition, and from the proceeds a certain amount was paid to B. as mortgagee of the annuity, to reimburse the annuitant for debts of the testator paid from the annuity. Held that, in the absence of proof that there was any surplus of income from the estate beyond that necessary for the payment of taxes and other expenses which were primary charges upon the property, the allowance of such amount to B. was erroneous, since there was no proof that any money from which the annuity could have been paid had been applied to the payment of testator's debts.

In the matter of the distribution of the proceeds of sale of real estate of Charles Gedney, deceased. Application for distribution of surplus funds in partition, under section 1538 of the Code of Civil Procedure. Exceptions to the report of the referee relative to distribution. Report modified.

　　Charles A. Deshon, for W. H. Gedney's Estate.
　　Miller, Holt & Duross, for Durland, assignee.
　　John F. Meyer, for executors of W. H. Gedney's estate.
　　Thomas E. Stewart, for executrix of Charles Gedney's Estate.

FITZGERALD, S. Judge Varnum decided (30 Misc. Rep. 18, 62 N. Y. Supp. 1023) that the judgment of the supreme court directing the deposit in this court of the moneys in question in this proceeding was authority for the distribution thereof by the surrogate, and section 1538 of the Code of Civil Procedure, as it existed at the time of the rendition of the judgment, and which was the warrant for the action of the supreme court, required the fund to be distributed as

if the sale of the land from which it resulted had been made upon the decree of the surrogate. The referee, to whom it was referred by the surrogate to take evidence and report as to the parties entitled to share in the distribution, and the amount to which they are respectively entitled, has filed his report, and the questions arising on the exceptions thereto are before the court for disposition.

It is claimed by the executor of the will of the decedent that the fund should be turned over to him for distribution. The real estate, from the sale of which these funds resulted, was directly devised to the widow of the testator for life, and the remainder in fee therein was directly devised to his daughter; and the executor was in no way given any control over the property, or any power in respect thereto. This claim of the executor cannot be sustained, nor can his claim in regard to the application of the statute of limitations to the judgment recovered by William H. Gedney, as that judgment has been adjudged in the supreme court action valid, and a lien on the funds now being distributed. This conclusion seems to accord with the view which Judge Varnum took as to the effect of the supreme court judgment in the decision rendered by him in this matter.

The item of $627 was properly disallowed by the referee, as the expenditures to which it relates had no connection with the property, the proceeds of which are now in question, but were made wholly on account of the Forty-Seventh street premises. The testator bequeathed to his daughter an annuity during the life of his widow, payable out of the income of the Fortieth street property. This annuity, as I construe the will of the decedent, was to be discharged from the net income of the property remaining after the payment thereout of taxes, assessments, insurance, repairs, and other legal charges. An agreement was entered into by the annuitant and others authorizing the appropriation of the income to the payment of the undisputed debts of the decedent, and postponing the payment of the annuity. The agreement also authorized the agent who was designated to carry it out to use, in his discretion, the income for payment of such debts, instead of applying the same to the payment of the taxes. After the making of the agreement the annuitant mortgaged her interest in the property, including the annuity. The referee has allowed the claimant under the mortgage the sum of $1,040 on account of the annuity, and directed that sum to be paid in preference to the claim of the assignee of a prior mortgage covering the interest of the annuitant, other than the annuity in the property mentioned. To this preference the assignee excepts. Undisputed debts of the decedent to the amount of $800, apparently, were paid out of the income, pursuant to the agreement above mentioned; and it seems to have been inferred or concluded that the income so used was income applicable to the payment of the annuity, and that therefore the annuitant and those claiming under her were, on account of and to the extent of the debts so paid, entitled to be subrogated to the creditors, and be paid out of the funds about to be distributed. No income forms part of these funds, and there is no evidence showing the amount of the income which has been actually received or applied towards the payment of the debts of the testator, except the

sum of $800, hereinbefore mentioned, or to the discharge of the taxes and other charges which under the will are made priorily payable out of the income; nor is there any proof supplied as to the amount of such charges. The record of the judgment in the supreme court action shows a large amount of taxes, water rates, and interest on mortgages remaining unpaid. Under the agreement above referred to, income applicable to the payment of taxes could have been used for the payment of creditors, and the sum of $800 paid as aforesaid could have been paid; and, in view of the large amount of taxes and other charges remaining unpaid at the time of the pendency of the supreme court action, it is not unlikely that it was paid out of the income that should have been used in paying the taxes and other charges. However that may be, there is no evidence whatever that there was ever a surplus of income beyond what was necessary for the payment of the taxes and other expenses made primary charges thereon by the will of the decedent. This being so, the exception to the referee's decision in this regard must be sustained. In all other respects his report is confirmed.

Decreed accordingly.