(33 Misc. Rep. 166.)

## In re DUSENBURY.

(Surrogate's Court, New York County. November, 1900.)

SURROGATE'S COURT—PETITION—PROCEEDINGS—DISTRIBUTION.

Where property has been sold under judgment in partition proceedings in the supreme court, and an application to the surrogate court for distribution of the share of the proceeds belonging to the estate of a decedent alleges that the referee in the proceedings paid over the money to the chamberlain of New York City, the surrogate court will not proceed with its distribution, in absence of proof that a provision to that effect was made in the judgment, or until an order to a similar effect has been made.

Application for the distribution of the share of Henry Dusenbury, deceased, in a fund resulting from a sale in a partition proceeding. Denied.

Larned & Marks, for petitioner.

J. C. O'Conor, for respondent.

Wm. B. Brown, Gignoux & Gignoux, W. M. Watson, and Gilbert M. Speir, for other parties.

THOMAS, S. The money sought to be distributed is the share of Henry Dusenbury, deceased, in real property sold under a judgment in partition rendered by the supreme court. It is alleged to have been paid, by the referee appointed by that judgment, to the chamberlain of the city of New York, "to the creditors of the estate of Henry Dusenbury." Whether this was done pursuant to the supreme court judgment or of any order of that court does not appear. Section 1538 of the Code of Civil Procedure, regulating the distribution of the shares of deceased persons in property sold under judgments in actions of partition, defines and regulates the powers of the court in which the judgment was rendered to make such distribution, and the power of this court to administer such funds in proceedings to sell or mortgage real property for the payment of debts is recognized only by implication and subject to certain conditions. In Re Gedney's Estate, 30 Misc. Rep. 18, 62 N. Y. Supp. 1023, Surrogate Varnum determined that a provision in a judgment of partition, rendered by the supreme court, directing that the proceeds of real estate sold be deposited in this court for distribution, was sufficient authority for the distribution of such proceeds by the surrogate; but in the absence of proof that such a provision is contained in the judgment of partition in the present case, or until an order has been made by the supreme court to a similar effect, this proceeding cannot be progressed. The time limited by the published

notice to creditors to present claims had not expired at the time of the return of the citation, although it has since expired, and the citation, though issued against creditors, was not published. Proof may be submitted as to what creditors have presented claims, and, if any have done so who have not already been cited by name, a supplemental citation should issue against them. In re Georgi, 44 App. Div. 180, 60 N. Y. Supp. 772. The attorney who appeared for Emma D. Fredericks, a resident of Chicago, Ill., must file written proof of his authority to appear, or his appearance will be ignored, and service of a citation will have to be made on her. In re Weiss' Estate, Sur. Dec. 1896, p. 597. The petition states the name of the heirs, but omits to allege that the persons named are all of the heirs, or that they are all of full age and of sound mind. Code Civ. Proc. § 2752. This may be supplied by an affidavit. When all of these matters are fully covered, and on being satisfied that all necessary parties have been brought in, I will pass upon the various questions presented upon the argument.

Decreed accordingly.