(89 Misc. Rep. 35)

## In re KROOG'S ESTATE.

(Surrogate's Court, Bronx County. January, 1915.)

1. ACKNOWLEDGMENT ⊜⟹36—AUTHORIZATION TO PAY OVER MONEY—CERTIFI-
CATION—SUFFICIENCY.

    A document, apparently signed by the father of decedent, his sole next of kin, authorized the administrator to pay to a son all moneys due the father from the estate, and to pay decedent's funeral expenses. The father's signature was certified to by a royal Prussian notary under seal of his office, and the American consul at Bremen, under his official seal, certified to the notary's seal and signature. The notary's certificate, translated, read: "The above signature of the pensioner  *  *  *  is hereby certified." Code Civ. Proc. § 935, provides that a properly acknowledged and certified conveyance is evidence, without further proof thereof. Section 937 provides that instruments may be certified as is provided by law for certifying a conveyance of realty. Real Property Law (Consol. Laws, c. 50) § 303, provides that an acknowledgment must not be taken unless the notary knows or has satisfactory evidence that the person making it is the person described in and who executed the instrument, and section 306 provides that the officer taking the acknowledgment must indorse thereon or attach thereto a certificate, signed by himself, stating all the matters required to be done, known, or proved. *Held* that, since the notary's certificate failed to show that the instrument was acknowledged and proved or certified as required by law, it did not comply with Code Civ. Proc. § 937, and therefore was not of itself evidence that a payment to the son was authorized.

    [Ed. Note.—For other cases, see Acknowledgment, Cent. Dig. §§ 181, 182, 184–198, 221–223; Dec. Dig. ⊜⟹36.]

2. ACKNOWLEDGMENT ⊜⟹33—AUTHORIZATION TO PAY OVER MONEY—CERTIFI-
CATION IN FOREIGN COUNTRY—SUFFICIENCY.

    Regardless of the sufficiency of such certificate of acknowledgment, where the document did not show on its face that there had been a compliance with Real Property Law, § 301, subd. 8, providing that, where an acknowledgment or proof of a conveyance of realty situated within the state is taken in Germany, it may be made before a notary under seal of his office and the "seal of the city or town in which the notary resides," it was not of itself evidence under Code Civ. Proc. § 937, that the payment was authorized.

    [Ed. Note.—For other cases, see Acknowledgment, Cent. Dig. §§ 167, 169–172; Dec. Dig. ⊜⟹33.]

In the matter of the estate of Henry Kroog, deceased. Judicial settlement of the account of Ernest E. L. Hammer, Public Administrator of Bronx County. Decreed according to opinion.

See, also, 84 Misc. Rep. 676, 147 N. Y. Supp. 887.

Ernest E. L. Hammer, of New York City, public administrator of Bronx county, for application.

Harry Robitzek, of New York City, for claimant.

SCHULZ, S. [1] The administrator of the estate of the decedent, prior to proceedings for a judicial settlement of his accounts, applies to this court for instructions as to whether he is authorized to pay a distributive share belonging to the father of the decedent, his sole next of

kin, to the person named in a certain instrument submitted with the application, and whether or not a citation should be issued to the said next of kin, and, if so, in what manner the same should be served.

The document in question appears to be signed by the next of kin, and by its terms authorizes and empowers the administrator to pay to the former's son any and all moneys due the said next of kin from the estate of the decedent, and authorizes the administrator to pay the funeral expenses of the decedent, subject to certain limitations as to amount. The signature of the next of kin is certified to by a royal Prussian notary under the seal of his office, and the American consul at Bremen certifies to the seal and signature of the notary public, and affixes his own official seal. The document was all that was offered as evidence upon this application.

The question presented is whether the document is executed in the manner prescribed by law, so as to make it evidence, without further proof of the authority of the son to receive and receipt for payment. If it is, then the administrator is justified in acting upon it. If it is not, and if it is necessary to prove the execution thereof, he would, in my opinion, not be justified in making the payment. Whether the instrument on its face authorizes the payment can be considered only when the document has been executed in accordance with the law, or after its due execution has been proved, so that it becomes evidence.

Section 935 of the Code of Civil Procedure, so far as material, provides:

"A conveyance, acknowledged or proved, and certified, in the manner prescribed by law, to entitle it to be recorded in the county where it is offered, is evidence, without further proof thereof."

Section 937 of the Code of Civil Procedure provides:

"Any instrument, except a promissory note, a bill of exchange, or a last will, may be acknowledged, or proved, and certified, in the manner prescribed by law for taking and certifying the acknowledgment or proof of a conveyance of real property; and thereupon it is evidence, as if it was a conveyance of real property."

If, therefore, the document in question is acknowledged or proved and certified in the manner in which a deed must be acknowledged or proved and certified to entitle it to be recorded, it is evidence just as if it was a conveyance of real property. How, then, must a conveyance be acknowledged or proved and certified to entitle it to be recorded?

Section 291 of the Real Property Law, being Laws of 1909, chapter 52, constituting chapter 50 of the Consolidated Laws, provides:

"A conveyance of real property, within the state, on being duly acknowledged by the person executing the same, or proved as required by this chapter, and such acknowledgment or proof duly certified when required by this chapter, may be recorded in the office of the clerk of the county where such real property is situated. * * *"

Section 303 of the Real Property Law provides:

"An acknowledgment must not be taken by any officer unless he knows or has satisfactory evidence, that the person making it is the person described in and who executed such instrument."

The law designates officers who are authorized to take acknowledgment or proof of conveyances of real property within this state, in other states of the United States or in foreign countries, and provides in section 306 of the Real Property Law, supra, as follows:

"An officer taking the acknowledgment or proof of a conveyance must indorse thereupon or attach thereto, a certificate, signed by himself, stating all the matters required to be done, known, or proved on the taking of such acknowledgment or proof.. * * * "

In the case of Gross v. Rowley, 147 App. Div. 529, 531, 132 N. Y. Supp. 541, 543, the court in considering these provisions, used the following language:

"The first thing to be done is the acknowledgment of the instrument 'by the person executing the same.' This acknowledgment, however, must be in the manner required by the statute. The thing to be known is the identity of the person making the acknowledgment with the person described in the instrument and the person who executed the same. This knowledge must be possessed by the official. The final act is the including in a certificate a statement of the things done and the knowledge possessed. This certificate must embrace both acts and knowledge. This act is the act of the official."

A translation of the certificate of the notary which appears upon the instrument, is as follows:

"The above signature of the pensioner Heinrich Kroog of Hinnebeck is. hereby certified."

It seems clear to me that this certificate of the notary fails to show that the instrument was acknowledged or proved and certified in the manner required by law, and hence it does not comply with the provisions of section 937 of the Code of Civil Procedure, and is not of itself evidence of the fact that a payment to the son is authorized; proof of execution being lacking. Tully v. Lewitz, 50 Misc. Rep. 350, 98 N. Y. Supp. 829; Irving v. Campbell, 121 N. Y. 354, 24 N. E. 821, 8 L. R. A. 620; Bradley v. Walker, 138 N. Y. 291, 33 N. E. 1079. In arriving at this conclusion-I am mindful of the decisions which hold that the certificate of proof of acknowledgment need not be in the language of the statute, and that the same should be liberally construed, and that, if a substantial compliance is shown, it is sufficient (Trustees of Canandarqua Academy v. McKechnie, 19 Hun, 62, 68; Smith v. Boyd, 101 N. Y. 472, 5 N. E. 319); but I cannot in the certificate before me find such a substantial compliance.

[2] If, however, I am in error in my conclusions as to the sufficiency of the certificate of acknowledgment, the document would still not come under the provisions of the section of the Code above cited, because there does not appear upon its face to have been a compliance with subdivision 8 of section 301 of the Real Property Law. This section provides that, where the acknowledgment or proof of a conveyance of real property situated within the state is taken without the state, it may be made without the United States before certain officers. and —

"if within the states comprising the empire of Germany, it may also be made before a judge of a court of record under the seal of such court, or before a notary public under the seal of his office and the seal of the city or town in which the notary resides."

No "seal of the city or town in which the notary resides" appears upon the instrument under consideration. The document, therefore, standing alone, is not evidence of authority on the part of the claimant to receive payment of the share due to the next of kin.

Since the application has been made an affidavit has been submitted by one who is acquainted with the signature of the next of kin to the effect that he believes that the signature attached to the instrument is that of the next of kin; but, even supported by this affidavit, the instrument in question would not be evidence of the right of the son to receive the payment. If the next of kin should repudiate the document, its execution would have to be proved, and the next of kin would be entitled to cross-examine the witness called to prove the same, which opportunity he would not have if the affidavit were accepted as proof of execution.

In my opinion, therefore, the payment cannot be made by the administrator except at his peril. Upon the two remaining questions, whether or not a citation should be issued, and, if so, how the same should be served, no instructions appear to be necessary. The matter is fully covered by the Code of Civil Procedure, sections 2525, 2526, and 2730.

Decreed accordingly.