In the Matter of the Estate of LOUIS TOBIAS LEHMEYER, Deceased.

Surrogate's Court, New York County, March, 1924.

Wills — probate proceeding — power of attorney stricken out because seal of city or town where German notary resides not affixed as required by Real Property Law, § 301, subd. 8 — in New York county Surrogate's Court notice of appearance for non-resident parties must be accompanied by written authority of client — notice of appearance and objections to probate stricken out.

In a probate proceeding a power of attorney which does not have affixed thereto the seal of the city or town in which the German notary resides, as required by subdivision 8 of section 301 of the Real Property Law, will be stricken out

In the New York county Surrogate's Court it is the practice in the case of non-
resident parties to require the filing with the notice of appearance of a writing
properly executed by the client authorizing the appearance of the attorneys.
The notice of appearance filed in this proceeding for the non-resident parties
is not supported by the necessary written authorization and, therefore, should
be stricken out, together with the objections filed to the probate.

PROCEEDINGS for probate of will.

*Norwood & Walsh,* for Equitable Trust Company of New York
and Carlisle Norwood, executors.

*Marshall S. Marden,* for Elizabeth R. Wurthmann.

*Frank Mann,* for Wyckoff Heights Hospital of Brooklyn.

*Pierce & Hopkins,* for Auguste Lehmeyer.

FOLEY, S.   In this probate proceeding the proponents move to
strike out a power of attorney appointing certain bankers of
Osnabrueck, Germany, and Paul W. Gersie of the city of New York,
as the attorneys in fact of Auguste Lehmeyer, one of the next of kin
and the sister of the decedent.   They also move to strike out the
notice of appearance of Pierce & Hopkins, attorneys at law, who
appeared for the attorneys in fact and have filed objections in
behalf of Auguste Lehmeyer to the probate of the propounded
paper.   The power of attorney is not executed in accordance with
section 301 of the Real Property Law.   Subdivision 8 of that
section requires the seal of the city or town in which the German
notary resides to be affixed to the acknowledgment, and the seal
is lacking in the instrument filed here.   The power is, therefore,
invalid, and the motion to strike out is granted.   *Matter of Kroog,*
89 Misc. Rep. 35.

With the failure of the power, the notice of appearance of the
attorneys likewise falls.   It has been the invariable custom and
practice in this court, in the case of non-resident parties, to require
the filing, with the notice of appearance, of a writing properly
executed by the client, authorizing the appearance of the attorneys.
The basis of this rule may be found in section 41 of the Surrogate's
Court Act.   Numerous decisions of the various surrogates have
upheld this requirement.   *Matter of Ford,* 98 Misc. Rep. 100;
*Matter of Stuetz,* N. Y. L. J. April 14, 1922; *Matter of Weiss,* Surr.
Decs. 1896, 957; *Matter of Ring,* N. Y. L. J. Dec. 29, 1914; *Matter
of Dusenbury,* 33 Misc. Rep. 166.   In partition actions, written
authority to appear for a non-resident has likewise been compelled.
*McKenna* v. *Duffy,* 64 Hun, 597.   This rule applies whether the
non-resident person who appears by an attorney has been cited
or has not been cited.   The application of the rule rests upon sound

policy and experience. It is a protection to the attorney appearing, for it prevents repudiation of his retainer by a party without the state. It likewise prevents the unauthorized filing of objections to the probate of a will by attorneys, and the consequent delay and expense to the beneficiaries of the estate. The beneficiary, moreover, is protected against intrusion by an unauthorized attorney, which may involve a diminution of his legacy or distributive share, or a possible diversion of the entire amount.

It should be noted, in the present case, that the contestant, Auguste Lehmeyer, is over eighty years of age; that she is deaf and dumb, and that her brother, the decedent, made provision for her in the will directing the payment of the income of a trust fund to her for life. The will was drawn under the supervision of an experienced attorney and four codicils were subsequently executed. The testator, during his lifetime, made an annual allowance to his sister, approximately the same as the income provided for by his will. There is no proof whatsoever in the record that the sister authorized the attorneys to initiate the contest. It would appear to her advantage to avoid the delay of a contested probate proceeding and to obtain promptly, for the remaining years of her life, the continuation of the income given to her. The appearance is not supported by the necessary written authorization and the notice and the objections filed must, therefore, be stricken out.

Submit order on notice accordingly.

Decreed accordingly.